U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

WELLNESS MEDICAL CENTER LLC
PLAINTIFF

C.A. No.  1:23-CV-10960

COMPLAINT FOR DECLARATORY
JUDGEMENT

v.

LIBERTY MUTUAL INSURANCE CO.
DEFENDANT

## COMPLAINT FOR DECLARATORY JUDGEMENT AND REQUEST FOR ORAL ARGUMENT

### I.    NATURE OF THE ACTION

1. Plaintiff, Wellness Medical Center LLC ("Wellness") and other Massachusetts medical providers who had properly requested exclusion ("opted out")  from an Illinois class action[1] in January of 2015 but later on April 1, 2015 had their initial requests for exclusion from the Class Action invalidated by the  Illinois Circuit Court and throughout never had any opportunity to object as required by the 14th Amendment to the U.S. Constitution, 28 U.S. Code § 1738 and the Illinois Class Action Statute.

2. Liberty Mutual Insurance Company ("Liberty") contends that Wellness, who initially opted out and after invalidation of their initial opt out request did not opt out a second time is not entitled to the statutorily  mandated and contractually promised Massachusetts "all reasonable expenses"  because Wellness did not opt out a second time from Lebanon Chiropractic Clinic, P.C. v. Liberty Mut. Ins. Co., No. 14-L-521,

---

[1] Lebanon Chiropractic Clinic, P.C. v. Liberty Mut. Ins. Co., No. 14-L-521, 2015 WL 13134975 (Ill. Cir. Ct. Feb. 23, 2015).

2015 WL 13134975 (Ill. Cir. Ct. Feb. 23, 2015) ("Lebanon") and is a class member bound by that Judgement under 28 U.S. Code § 1738.

3.   A Subgroup of Massachusetts Provider Subclass Members were deprived of their right to be heard under the 14th Amendment to the U.S. Constitution because the January 22, 2015 deadline for filing objections preceded the May 1, 2015 mailing of the invalidation order which changed their status from being opted out to being a potential class member until the last date to opt out had passed.

4.   The Illinois Court lacked jurisdiction over non-residents unless they received due process which they did not.

## II. JURISDICTION AND VENUE

5.   Liberty is employing an Illinois Class Action Judgement on Wellness and other absent Massachusetts Provider Subclass members to cap the amount they  charge for medical treatment at a maximum of the 80th percentile of the usual and customary charge.

6.   Liberty claims that under the doctrines of Full Faith and Credit and Res Judicata that Wellness is bound to accept this maximum because as a member of the Illinois class action Wellness had agreed to accept this 80th percentile maximum without complaint.

7.   The Illinois Court's Judgment is invalid because Wellness was never given an opportunity to object either before or after their initial opt-out request was invalidated and this deprivation of due process violates the 14th Amendment of the Constitution.

8.   The Illinois Court's jurisdiction over Wellness and other non-resident, absent persons was contingent on the Court providing due process to them which it failed to do.

9.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this civil action arises under the United States Constitution and this Court may enter declaratory, injunctive, and other relief under 28 U.S.C § 2201.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Liberty Mutual's Headquarters is in Boston Massachusetts in Suffolk County.

11. Federal jurisdiction lies because the right to an opportunity to be heard is a fundamental right of due process under the United States Constitution and the denial of that right is a Federal issue that is necessarily raised and actually disputed by Liberty (Ex. 19) under 28 U.S. Code § 1738 and it involves a continuing dispute about the amount Liberty must pay for medical services under Massachusetts  Personal Injury Protection and Med pay and this matter is capable of resolution by a determination of whether or not there was a deprivation of essential due process making the Lebanon Judgement invalid as to Massachusetts Provider opt outs.

    a.  Liberty maintains that despite the lack of any opportunity to object the Judgement is binding and resolving this issue will resolve the dispute in federal court without disrupting the federal-state balance because the dispute is on grounds that are universally applicable to all U.S. class actions and Full Faith and Credit.

## II.    PARTIES

12. Plaintiff is a Massachusetts Physical Therapy LLC clinic located at 1458 Dorchester Avenue in  Dorchester Massachusetts in Suffolk County.

13. Defendant is a Massachusetts mutual insurance company with its principal place of business at  175 Berkeley Street Boston, Massachusetts in Suffolk County.

14. This Court has authority to declare the rights of the parties.

### III.     STATEMENT OF FACTS

15. On July 25, 2014 a  settlement-only Illinois Class Action Complaint <u>Lebanon</u>
    <u>Chiropractic Clinic, P.C.</u> v. <u>Liberty Mut. Ins. Co., Liberty Mut. Fire Ins. Co., Safeco Ins.</u>
    <u>Co. of Am.</u>, NO. 5-15-0111, 4 (Ill. App. Ct. 2016) ("Lebanon") was filed by Class
    Counsel Robert W. Schmieder II ("Schmieder") on behalf of Lebanon Chiropractic
    Clinic, P.C. ("Lebanon Chiropractic") in the St. Clair Illinois Circuit Court ("Circuit
    Court") (Ex. 1)

16. Schmieder sought payment on behalf of the Lebanon Chiropractic Clinic P.C.
    ("Lebanon Chiropractic") based on a series of alleged underpayments of medical
    charges (occurring on December 11, 2003; February 2, 2004; August 20, 2005; October
    2, 2009; November 5, 2009; December 3, 2009; December 31, 2009;  and  January 4,
    2010) by Liberty[2] under Illinois Med pay insurance policies. (Ex.1 at 000008)

17. On October 30, 2014 Lebanon Chiropractic filed a Motion for Preliminary Approval of
    Class Settlement (Ex.2) in the Illinois Circuit Court with a Notice Plan, a claims
    administration plan, a draft of a Preliminary Order (Ex. 2 000060) and a draft of a Final
    Order (Ex. 2 000095) and an executed settlement agreement (Stipulation of Settlement).
    (Ex. 2 000024)

---

[2] "Liberty" means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company

18. Lebanon Chiropractic's Illinois policy and the relevant Massachusetts policy promised different medical payment benefits with the former promising to pay a contractually defined "usual and customary" ("UCR")  amount and the latter requiring payment of "all reasonable expenses". (Ex. 5 at 000147) (Ex. 5 at 000168)

19. The  Plaintiff's Complaint (Ex. 1) and its  October 30, 2014 motion seeking certification (Ex. 2) contained multiple inaccurate policy descriptions and  differing sometimes inapplicable policy language.(Ex.1 000001,000004,000006,000013)

20. Schmieder put together Illinois policies with objective usual and customary ("UCR") language that promised to pay a "usual and customary" amount and other policies that promised to pay reasonable expenses and referred to the combination as "usual, customary, or reasonable" ("*UCR*") (Ex. 1) (Ex. 2) (Ex. 6)

21. The October 17th , 2015 Lebanon Class Action precertification settlement involved only Schmieder on behalf of Lebanon Chiropractic and possibly the putative Class and Liberty involving 2,953,505 putative class members hailing from thirty-seven states and Massachusetts. (Ex. 2 000023)(Ex. 1) (Ex. 5)

22. The Lebanon Global Settlement Class ("Settlement Class") consisted of Lebanon Chiropractic as the named plaintiff and as the representative of the Settlement Class which was comprised of three subclasses identified as the Policyholder Subclass, the Claimant Subclass, and the Medical Provider Subclass. (Ex. 9 000114-000116) (Ex. 9 000116)

23. Sections 2-801 through 2-807 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801 through 5/2-807 governed  the Lebanon Class action which, like its Federal counterpart,

required that the Medical Provider Subclass had their own subclass representative to speak for the Subclass and that each subclass also has their own attorney. (Ex. 4)

24. In the October 30, 2014 settlement agreement (" Stipulation") Schmieder agreed on behalf of the Massachusetts Provider Subclass Members, other Provider Subclass members and Policyholders that for five years the maximum no-fault reimbursement amount from Liberty would be capped at the 80th percentile of FAIR Health's usual and customary data (or similar data vendor's) based on the first three digits of the providers zip code starting on the March 9, 2016 effective date of the Settlement and going back to June 1, 2011.[3] (Ex. 4 000131, 000132)

25. Notice of the Lebanon  Class Action was sent out by Liberty on December 22, 2014 and a January 22,  2015 deadline was set for putative class members to submit Requests for Exclusion ("opt-outs") and  to submit Objections. (Ex. 7 000217), (Ex. 7 000224)

23. On February 23, 2015, after the  February 17, 2015 Final Hearing,  the Illinois Circuit Court gave final approval of the settlement; confirmed its initial October 31, 2014 class certification and dismissed the action on the merits, with prejudice, and without leave to amend as to all class members except Massachusetts Medical Providers, including Plaintiff , and notably those providers who had previously excluded themselves from the class ("opted out"). (Ex. 4 000138)

---

[3] Their effective date was five years plus  thirty-five days after "02-09-2016" when the last day to appeal the Illinois Appellate Courts decision to the Illinois Supreme Court had  passed in  Lebanon Chiropractic Clinic, P.C. v. Liberty Mut. Ins. Co., .NO. 5-15-0111, (Ill. App. Ct. 2016).

24. In <u>Liberty Mutual Ins. Co.</u> v. <u>Peoples Best Care Chiropractic</u> the Massachusetts Superior Court summarizes the situation with the excluded Massachusetts Medical Providers and the invalidation of the Massachusetts Opt-outs.

> "In its final order and judgment, the Illinois Court found that three Massachusetts law firms, including the firm that now represents Defendants in this action, had sent " materially false and misleading" descriptions of the proposed class action settlement to medical providers in Massachusetts. As a remedy, the court invalidated the roughly 500 opt-out notices that had been submitted by Massachusetts providers and ordered that those providers be provided with a curative notice regarding the proposed settlement and given additional time to decide whether they still wished to opt out. Roughly 300 providers who received the curative notice again opted out" <u>Liberty Mutual Ins. Co.</u> v. <u>Peoples Best Care Chiropractic and Rehabilitation, Inc.,</u> 1684 CV 01239-BLS2, (Mass. Super. Apr. 7, 2017).

25. On April 1, 2015 having retained plenary jurisdiction over all Massachusetts medical providers (including Wellness ) the Circuit Court  issued an April 1, 2015 <u>Order Granting Renewed Motion to: (1) Invalidate Massachusetts Provider Opt-Outs; (2) Approve Curative Notice; and (3) Extend Opt-Out and Claim Deadlines for Massachusetts </u> ("Order Granting Renewed Motion") which invalidated all Massachusetts Provider's requests for exclusion; ordered that those Massachusetts Provider submit a second opt out request, set a new  June 1, 2015 deadline to opt out; and extended the deadline  to submit a claim form to June 15, 2015 but the Court did not extend the static January 22, 2015 objection deadline in the Order. (Ex. 10 000306, 000307 ) (Ex. 16 000329)

26. On May 1, 2015 the initial Massachusetts opt-outs were sent a "Curative Notice" packet containing the  (1) a copy of the Detailed Notice that had been appended to the December 2, 2015 Order Modifying Class Settlement Schedule (Ex. 6   000084 ), (2) a Provider  Claim Form as was appended to the same Order Modifying Class Settlement

Schedule (Ex. 6   000079 ), (3) a one-page document titled Official Court Notice that had been appended to  the Order Granting Renewed Motion (Ex. 10   000309 ),  and (4) a copy of the Circuit Court's April 1, 2015 <u>Order Granting Renewed Motion to Invalidate Massachusetts Provider Opt-Outs; Approve Curative Notice; and Extend Opt-Out and Claim Deadlines for Massachusetts Providers.</u> (Ex. 10).

27. Plaintiff had opted-out once  (requested exclusion from the Class Action) prior to the January 22, 2015 first opt-out deadline. (Ex. 8 at 000245)

28. The Circuit Court's April 1, 2015 <u>Order Granting Renewed Motion to Invalidate Massachusetts Provider Opt-Outs; Approve Curative Notice; and Extend Opt-Out and Claim Deadlines for Massachusetts Providers</u>  was mailed out on May 1, 2015 and around that time the Massachusetts Provider Subgroup  had to be considered potential Class members.[4]

29. Only class members were permitted to file an objection so the Massachusetts opt-outs, including the Plaintiff who were now potential members of the class could not file an objection to the class action because they were informed that January 22, 2015 was the deadline to object. (Ex. 12 000316)

30. This omission of the opportunity to be heard tainted all decisions and actions that it touched and all Massachusetts Provider Subgroup member's choices are invalid, including those who chose to file a claim and those that did nothing because both were forced to act or not act under circumstances where they were silenced.

---

[4] The Stipulation's definition of a ""potential class member" means "any person who is included in the definition of the settlement class ( or succeeds to the interests of such a person as an heir, executor, or administrator) before the deadline for seeking exclusion from the settlement class." (Ex. 2 000029)

31. Without speculating it is impossible to determine what the outcome would have been if the opt outs were not invalidated or if there was an opportunity to object provided so every choice is untrustworthy and invalid.

32. Prior to the May, 1 2015 Curative Notice package's mailing the Massachusetts Provider subgroup had received only a one-page Individual Notice specifying the January 22, 2015 objection deadline and referring the reader to the online Detailed Notice for more information (Ex. 6 000202) and the Detailed Notice affirmed the January 22, 2015 objection deadline several times. (Ex. 6 at 000209, 000210, 000211)

33. The April 1, 2015 Order Granting the Renewed Motion ordered that by May 1, 2015 the Massachusetts Provider Subgroup members were to be mailed a Curative Notice package consisting of the following four documents (Ex. 10 at 000304):

    i. a one-page "Official Court Notice" that had been appended as Exhibit 1 to the Order Granting the Renewed Motion. (Ex. 10 at 000311)
    ii. a copy of the April 1, 2015 Order Granting the Renewed Motion (Ex. 110 at 000293 – 000310)
    iii. a copy of the Provider Subclass Claim Form that had been attached as Exhibit D to the Order Modifying Class Settlement Schedule (Ex. 6 000199-000200)
    iv. a copy of the Detailed Notice attached as Exhibit E to the Order Modifying Class Settlement Schedule.(Ex. 6 000202-000212)

34. In total Massachusetts Provider Subgroup members might have received a maximum of the one-page Individual Notice (Ex. 12) mailed to them on December 22, 2014 and the four documents making up the May, 1 2015 curative notice package. (Ex. 7 000215)(Ex.10 000304)

35. The Individual Notice titled " You could get money from a class action settlement about payment of medical expenses under Liberty auto policies" mailed to putative

Class Members on December 22, 2014 had stated under the subtitle "What Are Your

Other Options":

> If you don't want a payment from this settlement, and you don't want to be
> legally bound by it, you must exclude yourself by January 22, 2015 or you
> won't be able to sue Liberty about the claims in this case ever again. If you ask
> to be excluded, you can't get a payment from this settlement. If you stay in the
> settlement, you may object to it by January 22, 2015. The detailed notice
> explains how to exclude yourself or object. (Ex. 7 000224)

36. The April 1, 2015 <u>Order Granting Renewed Motion to: (1) Invalidate Massachusetts</u>

<u>Provider Opt-Outs; (2) Approve Curative Notice; and (3) Extend Opt-Out and Claim</u>

<u>Deadlines for Massachusetts Providers</u> stated the following about requests for

exclusion, objections, and claims.

"III. Remedy

> To remedy the harm caused by the confusing and misleading communications,
> the Settling Parties' Renewed Motion requests an Order (a) invalidating all
> requests for exclusions received from members of the Massachusetts Provider
> Subgroup, (b) requiring a second, curative notice be sent to members of the
> Massachusetts Provider Subgroup, and (c) extending the deadlines for those
> members of the Massachusetts Provider Subgroup to opt-out of the class or to
> submit claims." (Ex. 10 000302)

> Content of the Curative Notice and Procedure for Distribution The curative
> notice to be sent to each member of the Massachusetts Provider Subgroup shall
> consist of four parts: a cover letter in the form attached to this Order as Exhibit ,
> a copy of this Order, a copy of the Detailed Notice attached as Exhibit E to the
> Order Modifying Class Settlement Schedule, and a copy of the Provider
> Subclass Claim Form attached as Exhibit D to the Order Modifying Class
> ~Settlement Schedule. The Settlement Administrator shall send the curative
> notice to members of the Massachusetts Provider Subgroup by first-class mail
> on or before May 1, 2015. (Ex. 10 at 000304):

> Members of the Massachusetts Provider Subgroup who still wish to exclude
> themselves from the Settlement Class must submit written requests for
> exclusion complying with and containing the information requested by the
> curative notice and the Stipulation of Settlement. To be effective, such requests
> must be sent by first-class mail to the Settlement Administrator at the address
> provided in the curative notice and postmarked no later than June 1, 2015.
> Members of the Massachusetts Provider Subgroup who now wish to participate

in the Class Settlement may submit claims complying with and containing the information requested by the curative notice and the Stipulation of Settlement. To be eligible for payment, such claims must be postmarked on or before June 15, 2015. (Ex. 10 at 000304):

IT IS FURTHER ORDERED that the Settlement Administrator shall distribute notice materials to members of the Massachusetts Provider Subgroup consisting of the following four parts: a cover letter in the form attached to this Order as Exhibit 1, a copy of this Order, a copy of the Detailed Notice attached as Exhibit E to the Order Modifying Class Settlement Schedule, and a copy of the Provider Subclass Claim Form attached as Exhibit D to the Order Modifying Class Settlement Schedule. (Ex. 10 at 000306):
IT IS FURTHER ORDERED that the Settlement Administrator shall send the new notice packet to each member of the Massachusetts Provider Subgroup by first-class mail no later than May 1, 2015. The new notice packet shall be

(Page 14)

sent to the address contained on the provider's previous request for exclusion. These Potential Class Members shall have an opportunity to exclude themselves from the Settlement Class by submitting a written request for exclusion complying with and containing the information requested by the curative notice and the Stipulation of Settlement. Only exclusion requests sent to the Settlement Administrator at the address provided in the curative notice and postmarked on or before June 1, 2015, will be deemed valid. (Ex. 10 at 000306, 000307):

37. The Order Granting Renewed Motion had a the one page "Official Court Notice"

appended and ordered that Official Court Notice was to be sent out by May 1, 2015 in

Curative Notice "package"  Official Court Notice also did not extend the January 22,

2015 objection deadline and included the following .

"The Court's findings are attached, as well as the Detailed Notice describing the settlement. After you read this notice package, you can opt out of the Class Settlement by June 1, 2015, or submit a claim for payment by June 15, 2015. Just follow the instructions in the Detailed Notice.(Ex. 10 000309)

38. The Detailed Notice was identified in the April 1, 2015 Order Granting the Renewed

Motion as having been attached as Exhibit E to the December 2, 2014 Order Modifying

Class Settlement Schedule and thereafter was also to be included in the May 1, 2015

Curative Notice package, the first page of the Detailed Notice (Ex. 6 000202)  was

silent as to any deadline for objecting but stated that elsewhere in the Detailed Notice the deadlines would be explained. (Ex. 6 000202)

39. The first page of the Detailed Notice read in part:

"CLASS MEMBERS' RIGHTS AND OPTIONS IN THIS SETTLEMENT:

•ASK TO BE EXCLUDED Get no payment. The only option that allows you to sue Liberty over the claims resolved by this settlement.
•SUBMIT A CLAIM FORM Claimant and Provider Class members can request a payment, as described in this notice.
• OBJECT Write to the Court about why it should reject the settlement.
•GO TO A HEARING Ask to speak in Court about an objection.
•DO NOTHING Get no payment. Give up rights

These rights and options—and the deadlines to exercise them—are explained in this notice." (Ex. 6 000202)

40. The second page of the Detailed Notice had the following index section: (Ex. 6 000203)

WHAT THIS NOTICE CONTAINS
EXCLUDING YOURSELF FROM THE SETTLEMENT …………………………
(24.) How do I get out of the settlement? ……………………………………Page 8
(25.) If I don't exclude myself, can I sue Liberty for the same thing later?…… Page 9
(26.) If I exclude myself, can I get a payment from this settlement? ………… ..Page 9
(Ex. 6 000203)

OBJECTING TO THE
SETTLEMENT…………………………………………………...........................Page 9
(29.) How do I ask the Court to reject the settlement? …………………………Page 9
(30.) What's the difference between objecting and asking to be excluded……. Page 10
(Ex. 6 000203)

41. Later the Detailed Notice states:

EXCLUDING YOURSELF FROM THE SETTLEMENT

"If you don't want a payment from this settlement, but you want to keep the right to sue Liberty about the issues in this case, then you must take steps to get out. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement Class. (Ex. 6 000209)
(24.) How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois. Be sure to include the case number (No. 14-L-521), your full name, address, telephone number, and your signature. You must mail your request for exclusion postmarked by January 22, 2015 to:
(Ex. 6 000209)
Liberty Exclusions P.O.
Box 1986
Faribault, MN 55021-6182"

You can't exclude yourself on the phone, by email, or at the website. (Ex. 6 000210)

(25.) If I don't exclude myself, can I sue Liberty for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Liberty for the claims that this settlement resolves. You must exclude yourself from this Class to sue Liberty over the claims resolved by this settlement. Remember, the exclusion deadline is **January 22, 2015.** (Ex. 6 000210)

42. The Detailed Notice also states:

OBJECTING TO THE SETTLEMENT
If you object to the settlement, you can ask the Court to reject it. The Court will consider your views.

(29.) How do I ask the Court to reject the settlement?
If you don't want the Court to approve the settlement you must file a written objection that identifies the case, Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois, (No. 14-L-521, with the Circuit Court of St. Clair County, Illinois and send a copy to Class Counsel as noted below. Be sure to include your full name, address, telephone number, your signature, the specific reasons why you object to the settlement, with legal and factual support for each objection, and indicate whether you or your attorney will appear at the fairness hearing (See the section on the "Court's Fairness Hearing" below). If you or your attorney will appear at the fairness hearing, also include the following:

1. name, address, bar number and telephone number of your attorney;
2. list of any witnesses you intend to call at the fairness hearing, including the address of each witness and a summary of his or her proposed testimony; and
3. copies of all exhibits you intend to introduce at the fairness hearing.

(Ex. 6 000210)

File the objection with the Clerk of the Court at the address below by
**January 22, 2015**:

> Note: You may send it by mail, but it must be received and filed by the
> Clerk by this date: Mail a copy of the objection to Class Counsel at the
> following address so that it is postmarked by **January 22, 2015**:
> COURT CLASS COUNSEL Clerk of the Court Circuit Court of St.
> Clair County, Illinois St. Clair County Building #10 Public Square
> Belleville, IL 62220 Robert W. Schmieder II SL Chapman LLC 330 N
> 4th St, St. Louis, MO 63102 (Ex. 6 000211)

What's the difference between objecting and asking to be excluded?

> Objecting is telling the Court that you oppose approval of the
> settlement. You can object only if you stay in the Class. Excluding
> yourself is telling the Court that you don't want to be part of the Class.
> If you exclude yourself, you have no basis to object because the case
> no longer affects you. (Ex. 6 000211)

43. The two-page Provider Claim Form was identified in the April 1, 2015 <u>Order Granting
the Renewed Motion</u> and thereafter included in the May 1, 2015 Curative Notice
package and it was silent as to any deadline for objecting. (Ex. 6 000199- 000200)

44. Other than the above excerpts from the  Order Granting the Renewed Motion there is
nothing additional addressing deadlines for opting out or filing claims and there is
nothing about any objection deadline changing from January 22, 2015 and the Curative
Notice repeatedly reemphasize that the deadline for objection  was January 22, 2015.

45. As of November 7, 2019, the Official Lebanon website lebanonpipsettlement.com still
stated on its Home Page

> Legal Notice of Class Action Settlement Involving Liberty Policies.
> This is the official Court website for the Lebanon Chiropractic Clinic v.
> Liberty Mutual Insurance Company class-action settlement. The Court
> approved the Settlement on February 23, 2015. Those included in the
> class action, together called a "Settlement Class," have legal rights and
> opt-ions under the settlement. To learn more about those rights and opt-

ions, click on the links below to read (i) the Court-ordered notices, (ii) the Settlement Agreement, (iii) the Final Order and Judgment Approving Settlement, or (iv) the Order Granting Renewed Motion to Invalidate MA Provider Opt-outs, Approve Curative Notice and Extend Opt-Claims Deadlines for MA Providers. To print a claim form, click on the link below.

"Except as provided by the Order Granting Renewed Motion to Invalidate MA Provider Opt-outs, Approve Curative Notice and Extend Opt- and Claims Deadlines for MA Providers (the "Order"), **the deadlines for exclusions, objections, and submission of claim forms have passed**. As provided in that Order, the deadline for certain Massachusetts-based medical providers to request exclusion from the class has been extended to June 1, 2015, and the deadline for those providers to submit a claim form has been extended to June 15, 2015." (emphasis added)

(Ex. 13)

46. Before either the April 1, 2015 Order or before receipt of the May 1, 2015 Curative Notice stating that their opt-out status was invalidated the Massachusetts provider opt-out subgroup could not object because they had opted out. (Ex. 6 000210)

47. Those initial Massachusetts provider opt-outs became potential class members sometime after either April 1, 2015 or May 1, 2015 until the deadline for opting out passed on June 1, 2015 when those who had not filed as claim or opted out, including Wellness, were automatically added as default class members making no claim.(Ex.9)

48. Since any choice taken by Massachusetts Providers who had opted out the first time was a choice made without any right to object the Massachusetts Providers were deprived of their right to be heard and cannot be bound by their failure to send in notice opting out a second time

49. The Massachusetts opt outs could not object at the February 17th 2015 Fairness Hearing because they were not class members at that time and they could not object at the June 15th 2015 second Certification Hearting because the Court was not entertaining objections.

15

50. The second opt- out's first Notice of the invalidation of their initial opt-outs was mailed on or about May 1, 2015 with an optout deadline of June 1, 2015, a claim submission deadline of June 15, 2015 and an objection deadline remaining at January 22, 2015 and already missed. (Ex. 8)(Ex.9)

51. M.G.L. Chapter 235 Section 23A provides for recognition of a conventional sister state judgments and states:

> A foreign judgment shall not be conclusive if (1) it was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law; (2) the foreign court did not have personal jurisdiction over the defendant; or (3) the foreign court did not have jurisdiction over the subject matter.

52. Schmieder could not and did not  waive potential class member's (the initial opt-outs) pre-June 15th 2015 right to an opportunity to be heard.

53. As of November 7, 2019, the Official Lebanon website lebanonpipsettlement.com still stated on its Home Page Legal Notice of Class Action Settlement Involving Liberty Policies.

> As provided in that Order, the deadline for certain Massachusetts-based medical providers to request exclusion from the class has been extended to June 1, 2015, and the deadline for those providers to submit a claim form has been extended to June 15, 2015.

> (EX. 13)

54. The January 22, 2015 Objection Deadline deprived all the Massachusetts Provider opt-outs of any forum where there might be some opportunity for these Massachusetts opt-outs to be heard on issues as to preponderance, fairness, adequacy, the invalidation, the different policy language, conflicts of interest, notice, the 1.2 million in attorney fees or the undisclosed fact that some of that fee was  for past work done on other "related"

matters that did not involve Massachusetts or the adequacy of the unitary

representation provided to everyone which was a clear deprivation of Due Process.

## COLLATERAL REVIEW

55. When a foreign judgment is filed in Illinois, the circuit court may inquire into the

jurisdictional basis of the foreign court's judgment, provided those issues have not been

litigated in the foreign court. Morey Fish Co. v. Rymer Foods, Inc., 158 Ill. 2d 179,

186-87 (1994).

56. Because none of the Massachusetts Providers who initially opted out had any

opportunity to speak or object and because and there was no adversity between the

parties it cannot be said that the issue as to whether or not objections could be made

was litigated or even considered so this Court may inquire into the jurisdictional basis

of the foreign court's judgment. see Morey Fish Co. v. Rymer Foods, Inc., 158 Ill. 2d

179, 186-87 (1994).

57. The Illinois Supreme Court held:

> What is important is that the nonresident plaintiffs be given notice and an
> opportunity to be heard and that their rights be justly protected by adequate
> representation. These are the essential requirements of due process, and they
> must be satisfied in any class action by every court, state or federal, regardless
> of the residences of the absent class members. Therefore, while the essential
> element necessary to establish jurisdiction over nonresident defendants is some
> 'minimum contacts' between the defendant and the forum state, the element
> necessary to the exercise of jurisdiction over nonresident plaintiff class
> members is procedural due process." (Emphasis added ( Shutts v. Phillips
> Petroleum Co. (1977) Miner v. Gillette Co., 87 Ill. 2d 7, 12-13 (Ill. 1981).

58. The Circuit Court's finding as to the adequacy of representation admits the necessity

of a subclass representative and the absence of any representative for either of the other

two subclasses establishes the lack of one.(Ex. 4 000149)

59. Additionally the court never questioned why members of the Massachusetts Provider Subgroup who were sent both the Original Class Notice and the Curative Notice and who submitted a timely second Request for Exclusion totaled 367 while those not on the notice list who opted out totaled 198 or 54 percent. (Ex. 8 000239-000249).

60. The Curative Notice provided to Massachusetts first time opt outs was not reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). See also Richards v. Jefferson County, 517 U.S. 793 (1996).

61. The Illinois Supreme Court explained that a court only has jurisdiction to certify a nationwide class when there is no connection between Illinois and nonresident plaintiffs if:

> "The constitutionality of the present class action on behalf of nonresident members must be determined by asking (1) if plaintiff adequately represents the nonresident parties and (2) if notice can ensure the class of its constitutional opportunity to be heard and protect each member's option to choose not to participate." Miner v. Gillete 87 Ili. 2d 7,.12-14 (1981) at 14.

62. Kremer v. Chem. Constr. Corp., 456 U.S. 461,481 (1982) recognized that a judgment is not entitled to full faith and credit "if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation."

63. While U.S. Const. art. IV, and the Full Faith and Credit Act, 28 U.S.C. §1738, require courts to give full faith and credit to state courts' judgments, it is settled law that a

18

"constitutionally infirm judgment" is not entitled to full faith and credit. See, e.g.,

Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 (1982);

### COUNT ONE
(Plaintiff incorporates by reference paragraphs 1-64)

### RELIEF REQUESTED

The Plaintiff requests this Court do whatever it sees fit to do as just at law or in equity and to declare:

The Lebanon Judgement was rendered without providing the Constitutionally required

opportunity to be heard to Massachusetts Providers who had opted-out of the Lebanon

Class action and later had their requests for exclusion invalidated and the Judgement is

Constitutionally infirm and without the provision of due process the Illinois Court

lacked personal jurisdiction over Wellness and the Judgement cannot be given Full

Faith and Credit in Massachusetts and the Lebanon Judgement has no preclusive effect

as to the Plaintiff Wellness Medical Center.

PLAINTIFF'S ATTORNEY
/s/ Jeffrey C. Coniaris, Esq.
Jeffrey C. Coniaris, Esq.
225 Broadway Suite 301B
Methuen, MA 01844
Mailing Address: 4A Eddy Lane
Pelham, NH 03076
BBO 555907
(617) 720-5888
Cell (617)-784-3308
Jconiaris@coniarislaw.com

## APPENDIX OF EXHIBITS

1. Lebanon June 25, 2014 Class Action Complaint

2. Motion for Preliminary Approval of Class Settlement with Draft Preliminary Order and Draft Final Order

3. Order Preliminary Approving Class Settlement

4. February 23, 2015 Final Order and Judgement Approving Settlement and Dismissing This Action with Prejudice

5. Affidavit of Taja Jewell Regarding Safeco Policy Forms

6. December 2, 2015 Order Modifying Class Schedule with individual and detailed notice and claims form

7. January 28, 2015 Affidavit of Kim Schmidt Regarding Curative Notice June (Lebanon v Liberty)

8. Supplementary Affidavit of Kim Schmidt with exhibits. February 13, 2015 (Lebanon v Liberty)

9. Motion for Entry of Final Judgement as to Certain Members of the Massachusetts Provider Subgroup

10. Order Granting Renewed Motion to (1) Invalidate Massachusetts Providers Opt outs (2) Approved Curative Notice and (3) Extend Opt out and Claim Deadline for Massachusetts Providers dated April 1, 2015 (with curative order with cover sheet)

11. Docket Sheet

12. Individual Notice

13. Correspondence with Liberty Asserting Lebanon