# EXHIBIT 2

filed copy 10-20-14
mailed by RS
to RY

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LEBANON CHIROPRACTIC CLINIC, P.C.,
individually and on behalf of all others
similarly situated,

        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, SAFECO
INSURANCE COMPANY OF AMERICA, and
SAFECO INSURANCE COMPANY OF
ILLINOIS,

        Defendants.

No. 14-L-521

**MOTION FOR PRELIMINARY APPROVAL OF**
**PROPOSED CLASS SETTLEMENT**

Pursuant to 735 ILCS 5/2-801 *et seq.*, Plaintiff Lebanon Chiropractic Clinic, P.C.,

requests that this Court preliminarily approve the proposed class settlement,

preliminarily certify the proposed settlement class, approve the proposed notice, and

schedule a final approval hearing. In support of its motion, Plaintiff states:

1.    Plaintiff and Defendants have negotiated a proposed class settlement in

this matter. The proposed settlement is attached hereto as Exhibit 1.

2.    The parties negotiated the proposed class settlement at arms-length. The

settlement provides significant relief (50% of the PIP and Medpay discounts taken) in

addition to certain affirmative relief to class members. After resolving class relief, the

parties then negotiated an incentive award and attorneys' fees and costs—all of which

Defendants have agreed to pay in addition to (i.e. without diminishing) the class relief.

3.    The proposed notice comports with 735 ILCS 5/2-803 and due process.

The dissemination of notice involves individual notice by first-class mail to each

potential class member. The notice itself clearly and concisely states in plan, easily understood language the nature of the action, the settlement relief, the process to claim relief, the right of a class member to be excluded pursuant to 735 ILCS 5/2-804(b), the right to object/comment on the settlement, the time and manner for requesting exclusion or objecting, and the binding effect of a class judgment on class members.

4.    The proposed class settlement is fair, reasonable, adequate, proper, and in the best interests of the Class.

WHEREFORE, Plaintiff, individually and on behalf of the proposed settlement class, respectfully requests that this Court preliminarily approve the proposed settlement, preliminarily certify the proposed settlement class, approve the proposed notice, and schedule a final approval hearing as set forth in the attached proposed preliminary approval order, and grant Plaintiff such other relief as this Court deems just and proper.

**DATED**: October 20, 2014          Respectfully submitted,

**LEBANON CHIROPRACTIC CLINIC, P.C.,**

By: _____

Robert W. Schmieder II #6239631
Bradley M. Lakin #6243318
**SL CHAPMAN LLC**
330 North Fourth Street, Suite 330
St. Louis, MO 63102
314.588.9300
314.588.9302 Fax
docket@SLChapman.com

**Attorneys for Plaintiff
and Proposed Plaintiff Class**

potential class member. The notice itself clearly and concisely states in plan, easily understood language the nature of the action, the settlement relief, the process to claim relief, the right of a class member to be excluded pursuant to 735 ILCS 5/2-804(b), the right to object/comment on the settlement, the time and manner for requesting exclusion or objecting, and the binding effect of a class judgment on class members.

4.    The proposed class settlement is fair, reasonable, adequate, proper, and in the best interests of the Class.

WHEREFORE, Plaintiff, individually and on behalf of the proposed settlement class, respectfully requests that this Court preliminarily approve the proposed settlement, preliminarily certify the proposed settlement class, approve the proposed notice, and schedule a final approval hearing as set forth in the attached proposed preliminary approval order, and grant Plaintiff such other relief as this Court deems just and proper.

**DATED**: October 20, 2014                    Respectfully submitted,

                                              **LEBANON CHIROPRACTIC CLINIC, P.C.**,

By: _____

           Robert W. Schmieder II #6239631
           Bradley M. Lakin #6243318
           **SL CHAPMAN LLC**
           330 North Fourth Street, Suite 330
           St. Louis, MO 63102
           314.588.9300
           314.588.9302 Fax
           docket@SLChapman.com

           **Attorneys for Plaintiff
           and Proposed Plaintiff Class**

## **Certificate of Service**

The undersigned certifies that, on October 20, 2014, a true and correct copy of the foregoing was served by depositing it in the U.S. Mail, postage pre-paid, upon the following:

Randal K. Mullendore
Carol A. Rutter
Robyn D. Buck
**HUSCH BLACKWELL SANDERS LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Russell R. Yager
**VINSON & ELKINS, LLP**
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Telephone: (214) 220-7820
Facsimile: (214) 220-7716

**Attorneys for Liberty Mutual Insurance Company
and Liberty Mutual Fire Insurance Company**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_C. Barness_

1753494

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LEBANON CHIROPRACTIC CLINIC, P.C.,
Individually and on behalf of all others similarly
situated,

      Plaintiff,

vs.                                                          No. 14-L-521

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, SAFECO
INSURANCE COMPANY OF AMERICA, and
SAFECO INSURANCE COMPANY OF
ILLINOIS,

      Defendants.

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is made by and between (a) the named

plaintiff, Lebanon Chiropractic Clinic, P.C. ("Plaintiff"), on behalf of itself and on behalf of all

others similarly situated, and (b) defendants Liberty Mutual Insurance Company, Liberty Mutual

Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company

of Illinois, and several of their affiliates (collectively, "Liberty").

### RECITALS

WHEREAS Plaintiff has filed a putative class action before the Circuit Court of St. Clair

County, Illinois (the "Court") in Case No. 14-L-521 (the "Action");

WHEREAS the Action alleges, among other things, that Liberty improperly used an

undisclosed cost-containment program involving computerized bill-review systems to cap the

amounts paid to medical providers and/or reimbursed to injured parties for medical treatments

Exhibit 1

00.024

covered by the Medical Payments ("MedPay") coverage and/or Personal Injury Protection ("PIP") coverage provided by certain automobile policies issued by Liberty;

WHEREAS, the Action further asserts that Liberty's use of computerized bill-review systems to determine the usual, customary, or reasonable charge payable under the PIP and/or MedPay coverage provided by Liberty's personal automobile policies breached the terms of those policies, violated various consumer-protection statutes, and unjustly enriched Liberty;

WHEREAS Liberty has denied that it has acted improperly or fraudulently and has raised several affirmative defenses, including but not limited to defenses based on (1) applicable statutes of limitations, (2) a prior class settlement of similar claims in a lawsuit styled *Froeber v. Liberty Mutual Insurance Company*, No. 00C15234 in the Circuit Court of Marion County, Oregon ("*Froeber*"); (3) a prior class settlement of similar claims in *Kerbs v. Safeco Insurance Company of America*, No. 10-2-17373-1 SEA in the Superior Court of King County, Washington ( "*Kerbs*"); and (4) settlements and judgments reached in individual disputes presenting similar claims in Illinois and other states ("Individual Disputes").

WHEREAS Plaintiff, while believing that the claims asserted in the Action have substantial merit, has considered the risks associated with the continued prosecution and possible appeal of this complex and time-consuming litigation, as well as the likelihood of success on the merits of the Action, and believes that, in consideration of all the circumstances, the Settlement embodied in this Stipulation is fair, reasonable, adequate and in the best interests of Potential Class Members; and

WHEREAS Liberty, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless has agreed to enter into this Stipulation to avoid further burden

00ъ025

and expense of protracted litigation and to be completely free of any further controversy with respect to the claims which have been asserted or could have been asserted in the Action.

NOW, THEREFORE, IT IS HEREBY AGREED by and between the parties, through their respective counsel, that the Action be settled and compromised by Plaintiff, the Settlement Class, and Liberty on the following terms and conditions, subject to the approval of the Court after hearing as provided in this Stipulation:

## I.    ADDITIONAL DEFINITIONS

In addition to terms defined elsewhere in this Stipulation, the following terms shall be defined as follows:

1.    "Claim Form" means the documentation that a Class Member must submit to be eligible to receive a payment under the Settlement as provided in paragraphs 44-53, below.

2.    "Claim Limitation Period" means as follows:

A.    with respect to a claim seeking a payment under the "Settlement" for "Covered Treatment" rendered in a "Settlement State" with a statute or rule prescribing a specific limitations period in which an action for underpayment of claims for PIP or MedPay benefits must be commenced, "Claim Limitation Period" means the longer of (a) the specific limitations period prescribed by that law or rule or (b) the four-year period immediately before the commencement of the Action on June 25, 2014; and

B.    with respect to a claim seeking a payment under the "Settlement" for "Covered Treatment" rendered in a "Settlement State" without a statute or rule prescribing a specific limitations period in which actions for underpayment of claims for PIP or MedPay benefits must be commenced, "Claim Limitation Period" means the longer of (a) the general limitations period prescribed by the laws of that State for claims alleging breach of a written

00ɔ026

contract or (b) the four-year period immediately before the commencement of the Action on June 25, 2014.

3.  "Class Counsel" means the attorneys approved by the Court to represent the Settlement Class and the Class Members as provided in paragraphs 30-31, below.

4.  "Class Member" means any Person who (a) is included within the definition of the Settlement Class (or succeeds to the interests of such a Person as an heir, executor, administrator, or assignee) and (b) does not timely and properly request exclusion from the Settlement Class as provided in paragraph 70, below.

5.  "Class Notice" means the notice of the preliminary approval of this Stipulation and the Settlement to be given under paragraphs 33-35, below.

6.  "Class Period" means the period from June 25, 2004, through and including the date of the preliminary approval of this Stipulation and the Settlement.

7.  "Covered Treatment" means any medical treatment, medical service, medication, or prosthesis covered by the MedPay and/or PIP coverage provided by a Subject Policy.

8.  "Detailed Notice" means a detailed Class Notice made available to Potential Class Members as provided in paragraph 35, below.

9.  "Effective Date" means the later of (a) the date defined in paragraph 81, below, or (b) the thirtieth day after the entry of the Final Judgment.

10. "Fairness Hearing" means the hearing to be held to consider approval of the Settlement as provided in paragraphs 38-40, below.

11. "Final Judgment" means the order and judgment finally approving the Settlement as reasonable, fair, adequate, and in the best interests of the Settlement Class and fully and finally disposing of all claims asserted in the Action, as provided in paragraph 38, below.

00ა027

12.    "Future Claim" means any insurance claim submitted to Liberty or any of its agents for payment or reimbursement of charges for Covered Treatment rendered after the date of the preliminary approval of this Stipulation and the Settlement.

13.    "Individual Notice" means a summary Class Notice mailed to Potential Class Members as provided in paragraphs 33-34, below.

14.    "Liberty" means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company.

15.    "Medical Provider" means any hospital, clinic, pharmacy, physician, physician's assistant, chiropractor, nurse, nurse practitioner, emergency medical technician, and/or any other person or entity who claims or claimed a right to payment under a Subject Policy for providing Covered Treatment.

16.    "Neutral Evaluator" means a person approved by the Court as provided in paragraph 39, below, to serve as an arbiter of any disagreements that arise concerning the amount, if any, due to any Class Member under the Settlement.

000028

17.     "Policy Limit" means the amount stated in a Subject Policy as the maximum total amount that Liberty will pay for medical expenses covered by the MedPay and/or PIP coverage provided by that policy.

18.     "Potential Class Member" means any person who is included within the definition of the Settlement Class (or succeeds to the interests of such a person as an heir, executor, or administrator) before the deadline for seeking exclusion from the Settlement Class.

19.     "Released Claims" means and includes any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiff, the Settlement Class, and/or any Class Member concerning any Subject Claim, whether at law, in equity, or under any statute or regulation, including without limitation:

A.     any and all claims, demands, actions, causes of action, and/or suits for breach of contract, fraud, misrepresentation, consumer fraud, unfair trade practices, unfair insurance practices, unjust enrichment, and/or bad faith arising from or in any way relating to any Subject Claim,

B.     any and all claims, demands, actions, causes of action, and/or suits for direct damages, indirect damages, actual damages, consequential damages, punitive damages, and/or exemplary damages, declaratory or injunctive relief, prejudgment interest, post-judgment interest, costs, expenses, and/or attorneys' fees, whether statutory or non-statutory, arising from or in any way relating to any Subject Claim, and

C.     any and all Unknown Claims arising from or in any way relating to any Subject Claim;

00ᴜᴜ029

D. provided, however, that the Released Claims do not include (i) any claim for enforcement of this Stipulation and/or the Final Judgment or (ii) any individual (i.e., non-class) claim pending before any court, administrative agency, or arbitration panel on the date of the preliminary approval of this Stipulation and the Settlement.

E. Notwithstanding anything to the contrary in paragraph 19(D), the Released Claims include the individual claims alleged by the Plaintiff in the Action.

20. "Released Persons" means:

A. all of the insurers defined as "Liberty" in paragraph 14, above;

B. all of the past and present officers, directors, agents, attorneys, employees, vendors, stockholders, divisions, subsidiaries, and parents of any of the insurers defined as "Liberty" in paragraph 14, above, including without limitation Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., and Safeco Corporation; and

C. all of the successors, assigns, and legal representatives of any of the entities listed in subparagraph(s) 20(A) and/or 20(B).

21. "Settlement" means the settlement agreement described in this Stipulation.

22. "Settlement Class" means the plaintiff class to be certified for settlement purposes only, as described in paragraphs 30-31, below, and consisting of the following Policyholder, Claimant, and Provider subclasses:

A. The "Policyholder Subclass" is defined as every person who, at any time during the Class Period purchased or was named as an insured in a "Subject Policy;"

B. The "Claimant Subclass" is defined as every person who, at any time during the Class Period,

00ɔ030

(i)     received Covered Treatment;

(ii)    submitted (or allowed another to submit on his or her behalf) a "Subject Claim;" and

(iii)   received from Liberty as payment or reimbursement for at least one Covered Treatment (through payments to himself, to herself, or to others on his or her behalf) an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment.

C.      The "Provider Subclass" is defined as every person who, during the Class Period,

(i)     provided Covered Treatment to a member of the Claimant Subclass,

(ii)    sought payment for that Covered Treatment under the MedPay and/or PIP coverage provided by a Subject Policy, and

(iii)   received from Liberty as payment for that Covered Treatment an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment;

D.      provided, however, that the Settlement Class excludes all Class Counsel, all Released Persons, all Neutral Evaluators, and all Illinois judges.

000031

23. "Settlement State" means and includes Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and Wyoming.

24. "Subject Claim" means any insurance claim submitted to Liberty or any of its agents seeking payment under the MedPay and/or PIP coverage provided by a Subject Policy for Covered Treatment rendered during the Class Period.

25. "Subject Policy" means any personal automobile policy (a) issued by one of the insurers defined as "Liberty" in paragraph 14, above, (b) delivered to a policyholder in a Settlement State, and (c) providing MedPay and/or PIP coverage.

26. "UCR Reduction" means the difference between (a) the amount billed by a Medical Provider for a Covered Treatment documented by a Subject Claim and (b) the amount actually paid or reimbursed by Liberty for that Covered Treatment because Liberty or one of its agents determined through the use of a medical-charge database that the amount billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment. "Ingenix UCR Reduction" means a UCR Reduction taken using a medical-charge database provided by Ingenix. "FairHealth UCR Reduction" means a UCR Reduction taken using a medical-charge database provided by FAIRHealth.

27. "Unknown Claim" means any claim arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true. The Released Claims defined in paragraph 19, above, include all Unknown Claims arising from or in

9
Exhibit 1

00ა032

any way related to any acts which have been alleged or which could have been alleged in the Action by Plaintiff, by the Settlement Class, and/or by any Class Member concerning any Subject Claim. Upon the entry of the Final Judgment, each Class Member shall be deemed to have expressly waived and released any and all Unknown Claims that he, she, or it has or might have arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by Plaintiff, by the Settlement Class, and/or by any Class Member concerning any Subject Claim.

## II.    SETTLEMENT CONSIDERATION.

28.    In exchange for the releases and other consideration described in paragraph 29, below, and on the terms set forth in this Stipulation, Liberty hereby agrees to:

A.    implement the following measures concerning Future Claims:

(i)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the charge billed by the Medical Provider (the "Billed Charge"), (b) the eightieth percentile charge for that Covered Treatment in the geozip area where the provider is located, as determined through the use of a FAIRHealth database or another similar database (the "Eightieth Percentile Charge"), (c) the amount authorized by a state mandated fee schedule or by another applicable law or regulation (the "Fee-Schedule Charge"), or (d) the amount authorized by a written PPN or PPO agreement to which the Medical Provider is a party (the "PPO Charge");

(ii)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall publish on the website libertymutual.com that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a

00ა633

Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge;

(iii)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Settlement State policyholders in writing at the time of their initial purchase or renewal of a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

(iv)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Medical Providers in Settlement States who contact Liberty to confirm coverage of medical treatment under a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

B.    pay the amounts described in paragraphs 37, 44-47, 55, 57, and 59-61 of this Stipulation, including (i) payments to Class Members who demonstrate financial loss due to Liberty's use of Ingenix databases to take Ingenix UCR Reductions on bills for Covered Treatment, (ii) attorneys' fees, costs, and expenses payable to Class Counsel, and (iii) incentive fees payable to the Class Representative.

000034

29.    In exchange for the consideration described in paragraph 28, above, and on the terms set forth in this Stipulation, Plaintiff, on behalf of itself and all members of the Settlement Class, hereby agrees to:

A.    release the Released Parties from all of the Released Claims as described in paragraphs 19-20 and 41-43;

B.    stipulate that Liberty's payment of Future Claims in accordance with paragraph 28(A)(i), above, does not breach any duty or obligation under any applicable law or contract requiring Liberty to pay or reimburse usual, customary, or reasonable charges for Covered Treatments; and

C.    refrain from asserting, initiating, filing, commencing, prosecuting, or maintaining in any action or proceeding of any kind, whether before any court, agency, or arbitrator, any challenge of any kind to Liberty's payment of Future Claims in accordance with paragraph 28(A)(i), above; and

D.    with regard to members of the Provider Subclass only:

(i)    refrain from disparaging or criticizing as unlawful or unfair Liberty's conduct concerning Future Claims in accordance with paragraph 28(A), above; and

(ii)    refrain from discouraging any person from purchasing insurance from Liberty because of Liberty's conduct concerning Future Claims in accordance with paragraph 28(A), above.

## III.    PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

30.    For settlement purposes only, the Court may enter an order preliminarily approving this Stipulation, preliminarily certifying the Settlement Class, preliminarily appointing

000035

Plaintiff as representatives of the Settlement Class, and preliminarily appointing the following attorneys as Class Counsel:

> Robert W. Schmieder II
> Bradley M. Lakin
> SL Chapman LLC
> 330 North Fourth Street, Suite 330
> St. Louis, MO 63102
> Phone: 314-588-9300

To facilitate such preliminary approval, certification, and appointment, Plaintiff will promptly file a motion asking the Court to enter an order substantially in the form attached hereto as Exhibit 1. Liberty will not oppose entry of such an order.

31.     Preliminary certification of the Settlement Class and appointment of the class representative and Class Counsel by the Court shall be binding only with respect to the Settlement. In the event that the Settlement is not consummated for any reason, whether due to a termination of this Stipulation in accordance with its terms, a failure or refusal of the Court to approve the Settlement, a reversal or modification of the Court's approval of the Settlement on appeal, or any other reason, then the Court shall vacate the certification of the Settlement Class and the parties shall litigate the Action as though the Stipulation had never been entered and the Settlement Class had never been certified.

32.     Upon the preliminary approval of this Stipulation and the Settlement as provided in paragraphs 30-31, above, all proceedings in the Action shall be stayed until further order of the Court; provided, however, that the parties may conduct such limited proceedings as may be necessary to implement the Settlement or to effectuate the terms of this Stipulation.

IV.     **CLASS NOTICE**

33.     As soon as practicable after the preliminary approval of this Stipulation and the Settlement as provided in paragraphs 30-31, above, Liberty shall make a reasonable search of its

00⎔036

records to ascertain the name and last known address of each person included within the definition of the Claimant Subclass, each person included within the definition of the Provider Subclass, and each person included within the definition of the Policyholder Subclass.    Thereafter, a third-party administrator engaged by Liberty (the "Administrator") shall send a copy of an Individual Notice and Claim Form by first-class mail to each potential member of the Claimant Subclass and each potential member of the Provider Subclass for whom Liberty ascertains a name and an address through that search.    In addition, the Administrator shall send a copy of an Individual Notice by first-class mail to each potential member of the Policyholder Subclass for whom Liberty ascertains a name and an address through that search.    Liberty and the Administrator shall use their best efforts to complete the mailing of the Individual Notices and Claim Forms to those potential Class Members within 30 days after the preliminary approval of this Stipulation and the Settlement. The Individual Notices and the Claim Forms shall be in formats approved by the Court.    Liberty and the Administrator shall mail the Individual Notices and Claim Forms to the potential Class Members in mailings identifying those materials in a format approved by the Court.

34.    Liberty and the Administrator shall take the following steps to ensure that these mailings provide the best notice practicable under the circumstances:

A.    Within 10 days after the preliminary approval of this Stipulation and the Settlement, Liberty shall provide to the Administrator a listing of the last known addresses ("LKAs") of all Potential Class Members.    If possible, the listing shall segregate LKAs that were provided to Liberty within the last four years from those that were provided to Liberty more than four ago.

UUɔ037

B.    Within 20 days after the preliminary approval of this Stipulation and the Settlement, the Administrator shall (i) run all of the LKAs received from Liberty through the Postal Service's National Change of Address Database ("NCOA") to identify address changes within the last four years, (ii) set aside as ready to mail all addresses updated through the NCOA database, and (iii) run all addresses that were not updated by NCOA and not known to have been provided to Liberty within the past four years through a third-party lookup program such as LexisNexis Accurint.

C.    Within 30 days after the preliminary approval of this Stipulation and the Settlement, the Administrator shall mail the Individual Notices to Potential Class Members by first class mail, addressed to the most current address produced through the updating protocol described in paragraph 34(B).

D.    In the event that a Class Notice is returned by the postal service with a new address shown on a "yellow sticker" affixed to the Notice, the Administrator shall promptly (within 5 business days) re-mail the Notice to the address shown on the "yellow sticker".

E.    In the event that a Class Notice is returned by the postal service without a new address shown on a "yellow sticker" affixed to the Notice, the Administrator shall take the following steps to re-send the Notice: (i) if the returned notice was originally sent to an address that was not generated by a third-party lookup program such as LexisNexis Accurint, the Administrator shall run the LKA through the third-party lookup service and re-mail the Class Notice to the best address resulting from that research, or to the original LKA if no other address is found during that research; (ii) if the returned notice was originally sent to an address that was generated by a third-party lookup program such as LexisNexis Accurint, the Administrator shall

000038

re-mail the Notice to the next-best address resulting from that original research, or to the original LKA if no other address was found during that research.

35.     In addition to the Individual Notices given in accordance with paragraphs 33-34, above, Liberty and the Administrator shall—within 30 days after the preliminary approval of this Stipulation and the Settlement—establish a website for Potential Class Members to access for additional information and post on that website for review and printing by Potential Class Members a copy of this Stipulation, a copy of the order preliminarily approving this Stipulation and the Settlement, a copy of the Individual Notice, a copy of the Claimant Subclass Claim Form, a copy of the Provider Subclass Claim Form, and a Detailed Notice substantially in the form approved by the Court. Liberty and the Administrator shall also establish and maintain a toll-free telephone number for Potential Class Members to call for additional information.

36.     Upon request, Liberty and the Administrator shall provide Class Counsel with such reasonable access to the notice process as they may need to monitor compliance with paragraphs 33-35.

## V.    COSTS OF CLASS NOTICE

37.     Liberty will pay all of the costs of providing Class Notice as described in paragraphs 33-36.

## VI.    FINAL APPROVAL OF THE SETTLEMENT

38.     After the mailings described in paragraphs 33-34, the deadline for seeking exclusion from the Settlement Class as provided in paragraph 70, and the deadline for filing a Notice of Objection to the Settlement as provided in paragraphs 72-74, Class Counsel will file a motion seeking the Court's final approval of the Settlement at a Fairness Hearing to be held approximately 75 days after the preliminary approval of this Stipulation and the Settlement, at a time, date, and location that will be stated in the Individual Notice, in the Detailed Notice, and in

UUᴗ039

the order preliminarily approving the Settlement. The motion will ask the Court to enter a Final Judgment substantially in the form attached hereto as Exhibit 2. Liberty will not oppose entry of such an order.

39.    In addition to seeking approval of the Settlement, the motion described in paragraph 38 shall request the appointment of three Neutral Evaluators to serve as arbiters of any disagreements that arise in the claim-administration process, as provided in paragraph 54, below. To assist the Court in the appointment of the Neutral Evaluators, Class Counsel and Liberty will prepare a mutually acceptable list of candidates, and Class Counsel will attach that list as an exhibit to the motion described in paragraph 38, above.

40.    After the appointment of the Neutral Evaluators as provided in paragraph 39, above, Class Counsel shall maintain a list of the names and addresses of the Neutral Evaluators for distribution to Class Members upon request. Neither Liberty, nor Plaintiff, nor any of the parties' counsel shall be liable for any act or omission of any Neutral Evaluator.

## VII.    DISMISSAL OF ACTION AND RELEASE OF CLAIMS

41.    The Final Judgment described in paragraphs 11 and 38 will provide for the dismissal of the Action with prejudice and without leave to amend and for the release by Plaintiff, individually and on behalf of the Settlement Class, of all the Released Persons from all of the Released Claims.

42.    As of the Effective Date, each and every Class Member will be bound by each and every term of the Final Judgment and conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, all of the Released Persons from all of the Released Claims.

43.    The provisions of any state, federal, municipal, local or territorial law or statute (including, but not limited to, that of the District of Columbia) providing in substance that

000640

releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court are hereby expressly, knowingly, and voluntarily waived by and on behalf of Plaintiff and all members of the Settlement Class. Without limiting the foregoing in any way, Plaintiff, on behalf of itself and all members of the Settlement Class, expressly waives all rights under Section 1542 of the California Civil Code, realizing and understanding that Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

## VIII. PAYMENTS TO MEMBERS OF THE SETTLEMENT CLASS

44.    To become eligible to receive a payment under the Settlement, a member of the Claimant Subclass must timely submit in accordance with paragraphs 48-53, below, a properly completed Claim Form documenting a financial loss resulting from an Ingenix UCR Reduction. To do so, the timely and properly completed Claim Form must demonstrate that the submitting Class Member paid a Medical Provider at least part of the difference between (a) the amount billed by the Medical Provider for a Covered Treatment documented by a Subject Claim and (b) a lesser amount paid by Liberty for that Covered Treatment because Liberty or one of its agents determined through the use of an Ingenix medical-charge database that the amount billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment. Subject to the limitations stated in paragraphs 46-47, below, each member of the Claimant Subclass who timely submits a properly completed Claim Form demonstrating his or her payment of at least a portion of such a difference (each "Eligible Claimant") shall be eligible to receive through the claims-administration procedures described in paragraphs 54-55, below, a settlement payment equal to 50% of the portion of that difference that he or she paid.

UUJ041

45.    To become eligible to receive a payment under the Settlement, a member of the Provider Subclass must timely submit in accordance with paragraphs 48-53, below, a properly completed Claim Form documenting a financial loss resulting from an Ingenix UCR Reduction. To do so, the timely and properly completed Claim Form must demonstrate (a) that the submitting Class Member received from Liberty as payment for a Covered Treatment an amount that was less than the amount charged for that treatment because Liberty or one of its agents determined through the use of an Ingenix medical-charge database that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment and (b) that he, she, or it did not collect (from a patient or any other source) the full amount of the difference between (i) the amount billed by the Medical Provider for that Covered Treatment and (ii) the lesser amount paid by Liberty.  Subject to the limitations stated in paragraphs 46-47, below, each member of the Provider Subclass who timely submits a properly completed Claim Form demonstrating such an uncollected difference (each "Eligible Provider") shall be eligible to receive through the claim-administration procedures described in paragraphs 54-55, below, a settlement payment equal to 50% of the uncollected portion of that difference.

46.    Payments to Class Members will be subject to the Claim Limitation Periods defined in paragraph 2, above, and to prior awards, judgments, and settlements, as follows:

A.    No payments will be made regarding any Covered Treatment rendered outside the Claim Limitation Period applicable to that treatment; and

B.    No payments will be made regarding any claims or UCR Reductions that were adjudicated, released, or approved by an award, judgment, or settlement in any prior arbitration, litigation or administrative proceeding, including without limitation the final

19
Exhibit 1

judgment approving the class settlement of the *Kerbs* case or the final judgment approving the class settlement of the *Froeber* case.

Further, no payments will be made to Class Members under the Settlement regarding any FAIRHealth UCR Reductions taken by Liberty, and all payments to Class Members under the Settlement will be subject to the terms, conditions, deductibles, and Policy Limits of the Subject Policies.

47.    The payments described in paragraphs 44-46, above, are the only payments to which any Class Members will be entitled under the Settlement. Although there is no cap on the total amount of such payments, Liberty estimates that the total payable to Class Members in accordance with paragraphs 44-46 is approximately $3.6 million.

## IX.    SUBMISSION OF CLAIMS BY CLASS MEMBERS

48.    Potential Class Members who do not timely request exclusion from the Settlement Class as provided in paragraph 70, below, will be provided an opportunity to submit Claim Forms requesting payments calculated in accordance with paragraphs 44-47, above. Blank Claim Forms shall be included with the Individual Notices mailed to Potential Class Members and made available on the website, as provided in paragraphs 33-35, above. In addition, the Administrator will provide blank Claim Forms to Potential Class Members upon request. Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by their legally authorized representatives.

49.    To be considered for payment, a Claim Form must be completed and documented in accordance with paragraphs 50-53, below, mailed to the address specified in the Claim Form, and postmarked no later than 60 days after the Fairness Hearing. Claim Forms will not be considered for payment if they are mailed to an incorrect address or postmarked more than 60 days after the date of the Fairness Hearing. The claim of a Class Member may be denied if

000043

the Class Member's Claim Form does not demonstrate that the claimant satisfies the eligibility requirements stated in paragraph 44 or in paragraph 45. In addition, a claim may be denied if it does not substantially conform to Liberty's records or if it reasonably can be suspected to be fraudulent.

50.    To be considered for payment, a Claim Form must supply all information requested on the face of the Claim Form, including the name and current address of the claimant, the approximate date of the Subject Claim to which it relates, the approximate date of the accident underlying the Subject Claim, the approximate dollar amount of the Subject Claim, the approximate dollar amount that Liberty paid in response to the Subject Claim, and a signed declaration affirming the claim under penalty of perjury.

51.    Claim Forms submitted by members of the Claimant Subclass must (a) provide the name and address of the person who received the Covered Treatment, (b) state separately for each Covered Treatment for which the claimant seeks a payment under the Settlement:  the approximate date of the Covered Treatment, the nature of the Covered Treatment, the amount billed by the Medical Provider for the Covered Treatment, and the amount paid or reimbursed by Liberty for the Covered Treatment, and (c) include a signed declaration by the Claimant Subclass Member submitting the Claim Form, stating under penalty of perjury (i) the amount, if any, that he or she paid to his or her Medical Provider to satisfy any balance unpaid by Liberty for the Covered Treatment and (ii) the portion, if any, of that amount that was paid or reimbursed by another insurance company.

52.    Claim Forms submitted by members of the Provider Subclass must (a) provide the name, address, and Tax Payer ID Number of the Medical Provider submitting the Claim Form, (b) state separately for each Covered Treatment for which the claimant seeks payment under the

000044

Settlement: the name and address of the person who received the Covered Treatment, the date of the Covered Treatment, the nature of the Covered Treatment (including CPT code), the amount billed by the Medical Provider for the Covered Treatment, and the amount paid by Liberty for the Covered Treatment, and (c) include a signed declaration by the Provider Subclass Member submitting the Claim Form, stating under penalty of perjury whether he, she, or it sent a bill to a member of the Claimant Class or any other person for the balance unpaid by Liberty for the Covered Treatment and the amount, if any, that the member of the Provider Subclass received in response to such a bill. In lieu of the information required by subparagraph 52(b), the member of the Provider Subclass may submit separately for each Covered Treatment for which the claimant seeks payment under the Settlement a copy of an EOR or EOB stating the name and address of the person who received the Covered Treatment, the date of the Covered Treatment, the nature of the Covered Treatment (including CPT code), the amount billed by the Medical Provider for the Covered Treatment, and the amount paid by Liberty for the Covered Treatment.

53.    In addition to the information required in paragraphs 50-52, the Claim Form must attach copies of any of the following that the Class Member has in his or her possession:

A.    documents that he or she received from Liberty regarding the claim, including EORs, EOBs, and/or correspondence regarding the claim; and

B.    documents showing whether any person other than Liberty was billed for—or paid for—any of the cost of any Covered Treatment with respect to which any Class Member seeks payment under the Settlement, including EORs, EOBs, and/or correspondence with any other insurance company regarding the claim.

003645

To the extent that the Class Member has no such documents in his or her possession, he or she must submit in a space provided on the Claim Form a declaration stating under penalty of perjury that he or she conducted a reasonable search but was unable to locate any such documents.

## X.    CLAIMS ADMINISTRATION

54.    Claim Forms that are timely mailed to the Administrator at the correct address shall be processed as follows:

A.    Within 180 days after the Effective Date, Liberty shall (i) make a determination of the payment, if any, due in response to each Claim Form timely mailed to the correct address and (ii) give written notice of each such determination to the affected claimant(s) and to Class Counsel. In making each such determination, Liberty shall be entitled to consider any information within its files that might refute or supplement the Claim Form documentation submitted by the claimant. If Liberty's determination of the payment, if any, due in response to a particular claim is based in whole or in part on any deficiency in the information originally provided with the Claim Form, then Liberty shall identify that deficiency in the written notice of its determination regarding that claim.

B.    A claimant who objects to Liberty's determination of the payment, if any, due in response to his, her, or its Claim Form must mail to the Administrator within 15 days after Liberty's mailing of that determination a written and signed statement setting forth the basis for that objection and curing any deficiencies in the information originally provided with the Claim Form. The Administrator shall log each such objection that it receives and forward a copy of the objection to Liberty within three business days after receipt.

C.    Upon the timely submission of an objection under paragraph 54(B), Liberty and the objecting claimant shall have 30 days to attempt to resolve the objection by agreement.

UU.C48

D.      A claimant who fails to resolve his, her, or its written and signed objection through agreement in accordance with paragraph 54(C) may request review of his or her claim by a Neutral Evaluator by mailing a signed request for such review to the Administrator within 60 days after Liberty's mailing of its initial determination under paragraph 54(A). The Administrator shall log each such request that it receives and forward a copy of that request (together with the associated Claim Form and written objection) to Liberty, to Class Counsel, and to one of the Neutral Evaluators within three business days after receipt.

E.      Liberty shall have 30 days to respond in writing to an objection submitted to a Neutral Evaluator in accordance with paragraph 54(D), with copies to the Administrator and Class Counsel. The Neutral Evaluator shall issue a decision with respect to each such objection within 30 days after his/her receipt of Liberty's response. The decision of the Neutral Evaluator shall be binding and not subject to appeal.

F.      Any objection that is not signed and postmarked within the 15 day period prescribed by paragraph 54(B), above, shall be waived. Similarly, any request for review by a Neutral Evaluator that is not signed and postmarked within the 60 day period prescribed by paragraph 54(D), above, shall be waived

55.     Liberty shall pay each claim that is due a payment under paragraphs 44-54 within 30 days after the latest of (a) the date on which the claimant agrees in writing to accept Liberty's determination of the claim, (b) the date on which the time for objecting to that determination under paragraph 54(B) expires, (c) the date on which the time for presenting such an objection to a Neutral Evaluator under paragraph 54(D) expires, or (d) the date on which the Neutral Evaluator resolves such an objection under paragraph 54(E).

00ͽ047

## XI.    COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS

56.    The Individual Notice and the Detailed Notice shall list the names, addresses, and telephone numbers of Class Counsel. Communications with Potential Class Members regarding the Settlement shall be handled through Class Counsel. In the event that Liberty or its counsel receive any communications from Potential Class Members regarding the Settlement, those communications shall be relayed to Class Counsel.

## XII.    COSTS OF SETTLEMENT ADMINISTRATION

57.    Liberty will pay the costs of printing, reproducing, and mailing the checks, forms, notices, and responses that it sends in connection with its administration of the claims process described in paragraphs 54(A)-54(E), above, and/or in connection with its determination of claims submitted in the course of the claims process. In addition, Liberty will pay the fees charged by the Neutral Evaluators to resolve disputes submitted to them under paragraphs 39-40 and 54(E).

## XIII.    ATTORNEYS' FEES AND COSTS

58.    Class Counsel's entitlement, if any, to an award of attorneys' fees, costs, and/or expenses will be determined by the Court. Liberty and Class Counsel did not negotiate the amount of any such fees, costs, or expenses until they resolved all other material elements of the Settlement.

59.    The motion described in paragraph 38 will request (a) an award of attorneys' fees, costs, and expenses to be paid to Class Counsel in a total amount not to exceed $1,200,000 and (b) an award of an incentive fee to be paid to the Class Representative in an amount not to exceed $3,000. At the Fairness Hearing, Class Counsel will ask the Court to award those amounts.

UU0C48

60.    Liberty will not object to an award of attorneys' fees, costs, and expenses to be paid to Class counsel in an amount not to exceed $1,200,000 or an award of an incentive fee to be paid to the Class Representative in an amount not to exceed $3,000.

61.    Liberty will pay, in addition to the amounts paid to Class Members in accordance with paragraphs 44-59, above, an award of attorneys' fees, costs, and expenses to Class Counsel in an amount not to exceed $1,200,000 and an award of an incentive fee to the Class Representative in an amount not to exceed $3,000.

## XIV.  REPRESENTATION OF OPT OUTS/CONFIDENTIALITY AGREEMENT

62.    Class Counsel agree that any representation, encouragement, or solicitation of any person seeking exclusion from the Settlement Class or any person seeking to litigate any Released Claims with Liberty might place Class Counsel in an untenable conflict of interest with the class.    Accordingly, Class Counsel will not engage in any such representation, encouragement, or solicitation.  This paragraph, however, shall not affect Class Counsel's ability to respond to inquiries from members of the Settlement Class about this Settlement and/or their options to participate.

63.    In discovery in this and other matters and in negotiation and review of the Stipulation, Class Counsel have received confidential information regarding Liberty's internal practices and procedures and Liberty's confidential financial information, including financial information compiled solely for purposes of negotiating and implementing the Stipulation and the Settlement.  Class Counsel agree to keep such information confidential and not to use it or, unless ordered by a court after notice to Liberty, allow it to be used in any other litigation.

64.    The names, addresses, policy numbers, and other data concerning Potential Class Members compiled by Liberty in effectuating the Settlement, the electronic data processing and other record keeping procedures and materials to be utilized by Liberty in identifying the

00╵049

Potential Class Members and performing Liberty's other obligations under the Stipulation and/or the Settlement, and all documents produced by Liberty to the Settlement Administrator or to Class Counsel and/or other attorneys for plaintiff in this Action and/or in any similar action constitute highly confidential and proprietary business information. The confidentiality of all such information (the "Proprietary Information") shall be protected from disclosure as provided in paragraphs 65-66, below.

65.    No persons shall be allowed access to any Proprietary Information except Liberty's counsel and clerical personnel employed by Liberty's counsel, the Settlement Administrator and clerical personnel employed by the Settlement Administrator, Class Counsel and clerical personnel employed by Class Counsel, and such other persons as the Court may order after hearing on notice to all counsel of record.

66.    Within 30 days after the Effective Date, the Settlement Administrator and Class Counsel shall return to Liberty all Proprietary Information in their possession, custody, or control and any other documents (exclusive of documents filed with the Court) provided by Liberty to Class Counsel or anyone they employed or retained in this Action or any other similar action. Within 45 days after the Effective Date, the Settlement Administrator and Class Counsel shall deliver a letter to Liberty confirming their compliance with this paragraph. In the event that any Proprietary Information or documents have already been destroyed, the Settlement Administrator and Class Counsel will include in their respective letters the name(s) and address(es) of the person(s) who destroyed the Proprietary Information and/or documents.

67.    Paragraphs 62-66 are of the essence of the agreement stated herein. In the event that any of those provisions is stricken or modified by the Court, Liberty may terminate the Stipulation and the Settlement.

00ᴗᴄ59

## XV.   DISAPPROVAL OR TERMINATION OF THE SETTLEMENT

68.   Liberty, in its sole discretion, may terminate this Stipulation and the Settlement if:

A.   the Court refuses to enter a preliminary approval order in the form attached hereto as Exhibit 1;

B.   the Court refuses to enter a final judgment in the form attached hereto as Exhibit 2;

C.   the Court modifies or strikes any provision of this Stipulation;

D.   the Final Judgment is reversed or modified on appeal;

E.   any financial obligation is imposed upon Liberty in addition to and/or greater than those specifically accepted by Liberty in paragraphs 37, 44-47, 55, 57, and 59-61 of this Stipulation; or

F.   the number of Potential Class Members who file timely requests for exclusion exceeds two percent (2%) of any of the following:

(i)   all Potential Class Members in the aggregate;

(ii)   Potential Class Members with LKAs in any one of the Settlement States;

(iii)   Potential Members of the Claimant Subclass with LKAs in any one Settlement State; and/or

(iv)   Potential Members of the Provider Subclass with LKAs in any one Settlement State.

In the event of a termination under this paragraph, Liberty shall not receive a refund of any amounts paid under paragraph 37 or paragraph 57.

69.   Liberty may agree in writing to waive its rights under paragraph 68, above, or any of its subparts.

003051

## XVI. OBJECTIONS TO THE SETTLEMENT AND REQUESTS FOR EXCLUSION

70.    Potential Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion. To be effective, such a request must include the Potential Class Member's name and address, a clear and unequivocal statement that the Potential Class Member wishes to be excluded from the Settlement Class, and the signature of the Potential Class Member or, in the case of a Potential Class Member who is deceased or incapacitated only, the signature of the legal representative of the Potential Class Member. The request must be mailed to the Administrator at the address provided in the Class Notice and must be postmarked no later than 14 days before the date set for the Fairness Hearing.

71.    The Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Liberty and Class Counsel as requested.

72.    Class Members who do not request exclusion from the Settlement Class may object to the Settlement. A Class Member who chooses to object to the Settlement must file a written notice of intent to object (a "Notice of Intention to Object"). The right to object to the Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

73.    To be effective, a Notice of Intent to Object must be:

A.    filed with the Clerk of the Court not later than 14 days before the date set in the Class Notice for the Fairness Hearing; and

B.    sent to Class Counsel by first-class mail, postmarked no later than 14 days before the date set in the Class Notice for the Fairness Hearing.

005052

74.    In addition, a Notice of Intent to Object must contain:

A.    a heading which refers to the Action;

B.    a statement whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, a statement identifying that counsel by name, address, bar number and telephone number;

C.    a detailed statement of the specific legal and factual basis for each and every objection;

D.    a list of any and all witnesses whom the objector intends to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony; and

E.    photocopies of any and all exhibits which the objector intends to introduce at the Fairness Hearing.

75.    Any Class Member who does not file a timely Notice of Intent to Object in accordance with paragraphs 72-74 shall waive the right to do so and shall be forever barred from making any objection to the Settlement.

76.    At least 7 days before the Fairness Hearing, Class Counsel shall provide Liberty a copy of each Notice of Intent to Object received by Class Counsel.

## XVII. DENIAL OF LIABILITY

77.    Liberty has vigorously contested each and every claim in the Action.  Liberty maintains that it has consistently acted in accordance with the governing laws and regulations of each State in which it does business, at all times.  Liberty denies all the material allegations in the Action.  Liberty nonetheless has concluded that it is in its best interest that the Action be settled on the terms and conditions set forth in this Stipulation.  Liberty reached this conclusion after considering the factual and legal issues in the Action, the substantial

005053

benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through trial and through any appeals that might be taken.

78.     As a result of the foregoing, Liberty enters into this Stipulation without in any way admitting, conceding or acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Liberty of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Liberty. This Stipulation shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Liberty or any other person.

79.     Neither this Stipulation, nor the negotiations of the Class Settlement, nor the Class Settlement procedures, nor any act, statement or document related in any way to the Class Settlement negotiations or settlement procedures, nor any pleadings, or other document or action related in any way to the Stipulation shall be (1) offered into evidence in the Action or in any other case or proceeding in support of or in opposition to a motion to certify a contested class or (2) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class. In the event the Class Settlement is not finally approved for any reason, Liberty shall retain the right to object to the maintenance of the Action and/or any other case as a class action and to contest the Action and/or any other case on any ground.

## XVIII. PROTECTION OF RELEASED PARTIES

80.     If the Settlement Class or any Class Member obtain(s) a judgment against any person based on a Released Claim and the person against whom that judgment is obtained (the "Judgment Debtor") asserts any claim with respect to that judgment against any Released Party,

003054

whether for indemnification, contribution, reimbursement, or otherwise, then the Class Member(s) who obtain(s) that judgment (the "Judgment Creditor(s)") shall be obliged, jointly and severally, to protect the Released Party against that claim as follows:

      A.    The Judgment Creditor(s) shall satisfy the claim against the Released Party by giving the Judgment Debtor a credit against, or otherwise reducing, the judgment obtained against the Judgment Debtor. The amount of that credit or reduction shall be equal to the amount of the claim asserted by the Judgment Creditor against the Released Party, up to the full amount of the judgment obtained against the Judgment Debtor.

      B.    No Judgment Creditor may accept, distribute, pledge, or otherwise dispose of any proceeds of any such judgment obtained against a Judgment Debtor unless and until the Judgment Creditor has satisfied his, her, or its obligations under paragraph 80A.

## XIX. MISCELLANEOUS PROVISIONS

81.    Unless a different Effective Date is specified by paragraph 9, above, the Effective Date of the Settlement shall be the first date on which all of the following statements are true:

      A.    all parties have executed this Stipulation;

      B.    no party has terminated the Stipulation;

      C.    the Court has preliminarily approved this Stipulation and the Settlement as provided in paragraphs 30-31, above;

      D.    Class Notice has been given to Potential Class Members as provided in paragraphs 33-35, above;

      E.    the Court has entered a Final Judgment substantially in the form of Exhibit 2 hereto, approving this Stipulation and the Settlement without material alteration, releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend; and

000055

F.      (i) the time to file an appeal from the Final Judgment has expired without the filing of any appeal(s) or (ii) any appeal(s) from the Final Judgment has/have been dismissed or the Final Judgment has been affirmed without material alteration and (iii) the passage of time and/or a decision of a superior appellate court has/have made further appellate review unavailable.

82.      The parties hereto and their undersigned counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Stipulation and the terms of the Settlement, including taking all steps and efforts contemplated by this Stipulation, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.

83.      The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

84.      Neither Class Counsel nor Plaintiff shall make any statements to the media about the Action or the Settlement, except to refer media inquiries to the public record of the Action.

85.      Except as otherwise provided, this Stipulation contains the entire agreement of the parties hereto and supersedes any prior agreements or understandings between them. All terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all parties hereto. The terms of this Stipulation are and shall be binding upon each of the parties hereto, upon each of their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Class Member.

86.      This Stipulation may be amended or modified only by a written instrument signed by counsel for all parties. Amendments and modifications may be made without additional

005056

notice to the Potential Class Members and/or Class Members unless such notice is required by the Court.

87.     This Stipulation shall be subject to, governed by, construed in light of, and enforced pursuant to the laws of the State of Illinois.

88.     The exhibits to this Stipulation are integral parts of the Settlement and are hereby incorporated and made parts of this Stipulation,

89.     To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Stipulation. The Court shall retain jurisdiction over the parties, the Settlement Class, and the subject matter of the Action to enforce this provision.

90.     This Stipulation shall be deemed to have been executed upon the last date of execution by all the undersigned parties and/or counsel.

91.     This Stipulation may be executed in counterparts, each of which shall constitute an original.

005057

Dated this 16th day of October, 2014.        **HUSCH BLACKWELL**

_(signature)_

Robyn Buck

Dated this 16th day of October, 2014.        **VINSON & ELKINS L.L.P.**

_(signature)_

Russell Yager

_Attorneys for Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company_

Dated this 17th day of October, 2014.        **SL CHAPMAN LLC**

_(signature)_

Robert W. Schmieder II

_Attorneys for Lebanon Chiropractic Clinic, P.C._

005058

# EXHIBIT 1

Exhibit 1

003059

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LEBANON CHIROPRACTIC CLINIC, P.C.,
Individually and on behalf of all others similarly
situated,

       Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, SAFECO
INSURANCE COMPANY OF AMERICA, and
SAFECO INSURANCE COMPANY OF
ILLINOIS,

       Defendants.

No. 14-L-521

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

WHEREAS Plaintiff Lebanon Chiropractic Clinic, P.C. ("Plaintiff"), on behalf of itself and a proposed Settlement Class, and Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois, and several of their affiliates (collectively, "Liberty") have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Stipulation of Settlement filed on October ____, 2014 (the "Stipulation");

NOW, THEREFORE, based upon the Stipulation and the presentations of counsel on the record during the preliminary settlement hearing held on October ____, 2014, and it appearing that that the Court should hold a hearing to determine whether the proposed Class Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class,

IT IS HEREBY ORDERED THAT:

1.      The terms defined in the Stipulation will have the same meanings in this Order.

Exhibit 1

2.      For purposes of determining whether the terms of the proposed Settlement should be finally approved as fair, reasonable and adequate, the Court conditionally certifies a Settlement Class consisting of the following Policyholder, Claimant, and Provider Subclasses:

A.      The "Policyholder Subclass" is defined as every person who, at any time during the "Class Period," which means the period from June 25, 2004, through and including the date of this Order, October ___, 2014, purchased or was named as an insured in a "Subject Policy," which means a personal auto policy:

(i)      issued by "Liberty," which means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and/or American Economy Insurance Company;

(ii)     delivered by Liberty or one of its agents to a policyholder in a "Settlement State," which means Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and/or Wyoming; and

(iii)    providing MedPay and/or PIP coverage;

B.      The "Claimant Subclass" is defined as every person who, at any time during the Class Period,

(i)      received "Covered Treatment," which means any medical treatment, medical service, medication, or prosthesis covered by the MedPay and/or PIP coverage provided by a Subject Policy,

(ii)     submitted (or allowed another to submit on his or her behalf) a "Subject Claim," which means an insurance claim seeking payment under the MedPay and/or PIP coverage provided by a Subject Policy for Covered Treatment rendered during the Class Period, and

00ɔ061

(iii)    received from Liberty as payment or reimbursement for at least one Covered Treatment (through payments to himself, to herself, or to others on his or her behalf) an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment.

C.    The "Provider Subclass" is defined as every person who, during the Class Period,

(i)    provided Covered Treatment to a member of the Claimant Subclass,

(ii)    sought payment for that Covered Treatment under the MedPay and/or PIP coverage provided by a Subject Policy, and

(iii)    received from Liberty as payment for that Covered Treatment an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment;

provided, however, that the Settlement Class excludes all Class Counsel, all Released Persons, all Neutral Evaluators, and all Illinois judges.

In addition, the Court conditionally appoints Plaintiff as representative of the Settlement Class and the following attorneys as Class Counsel:

> Robert W. Schmieder II
> Bradley M. Lakin
> SL Chapman LLC
> 330 North Fourth Street, Suite 330
> St. Louis, MO 63102
> Phone: 314-588-9300

3.    Based on the Stipulation, the conditional certification of the Settlement Class, the conditional appointment of the Class Representative and Class Counsel and the presentations of counsel at the preliminary settlement hearing held on October __, 2014, the Court preliminarily approves the proposed Settlement as within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Class Members. In doing so, the Court notes several important differences between the relief that would be provided to members of the Settlement

005062

Class under the proposed Class Settlement (and the procedures prescribed by the Stipulation for providing that relief) and the relief sought in similar cases in which class certification has been denied or reversed. For example, the Stipulation includes an agreement by Liberty to make payments to certain members of the Settlement Class without any finding (a) that Liberty breached any duty owed to any member of the Settlement Class or (b) that any member of the Settlement Class suffered any legally cognizable injury as a result of any such breach. Accordingly, the Stipulation eliminates the need to resolve the individualized issues of fact and law that lead the Appellate Court of Illinois to reverse the certification of a litigation class in a similar case in Madison County. *See Bemis v. Safeco Ins. Co. of America*, 948 N.E.2d 1054, 407 Ill. App. 3d 1164 (Ill. App. Ct.—5th Dist. 2011), *appeal denied*, 955 N.E.2d 468, 353 Ill. 1 (Ill. 2011). In addition, the Stipulation provides for prospective relief in the form of an agreed injunction that would (a) allow Liberty to continue to use its computerized bill-review system and (b) require Liberty to make certain disclosures concerning its use of that system. These terms eliminate the potential conflict of interest cited by an Oregon court in finding that a medical provider had failed to establish its adequacy to represent the litigation class proposed in another similar action. *See Froeber v. Liberty Mutual Ins. Co.*, No. 00C15234, slip. op. at 4-7 (Cir. Ct. Marion Cty, Or. Feb. 26, 2004).

4.    If the Proposed Settlement is not finally approved as provided below, the conditional certification of the Settlement Class and the conditional appointments of Class Representatives and Class Counsel shall be vacated.

5.    Pending a final determination whether the proposed Settlement should be approved as fair, reasonable, and adequate, neither Plaintiffs nor any other person comprised within the definition of the Settlement Class defined in paragraph 2, above, whether directly,

00ɔ063

indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against any Released Party that is based on, relates to, or involves any Released Claim or any of the claims, facts, circumstances, or subject matters of this Action or the Stipulation; provided, however, that this injunction does not apply to individual (i.e., non-class) claims pending before any court, administrative agency, or arbitration panel on the date of this Order, October ___, 2014.

6.    As soon as practicable after the entry of this Order, Liberty shall make a reasonable search of its records to ascertain the name and last known address of each person included within the definition of the Claimant Subclass, each person included within the definition of the Provider Subclass, and each person included within the definition of the Policyholder Subclass.    Thereafter, a third-party administrator engaged by Liberty (the "Administrator") shall send a copy of the Individual Notice and a Claim Form by first-class mail to each Potential Member of the Claimant Subclass and each Potential Member of the Provider Subclass for whom Liberty ascertains a name and an address through that search. The Administrator shall also send a copy of an Individual Notice by first-class mail to each Potential Member of the Policyholder Subclass for whom Liberty ascertains a name and an address through that search.    Liberty and the Administrator shall use their best efforts to complete the mailing of the Individual Notice and Claim Form to those potential Class Members within 30 days after the entry of this Order.

7.    The Individual Notice sent to potential members of the Claimant and Provider Subclasses shall be substantially in the form attached hereto as Exhibit A. The Individual Notice sent to potential members of the Policyholder Subclass shall be substantially in the form attached

UU0064

hereto as Exhibit B. The Claim Form sent to potential members of the Claimant Subclass shall be substantially in the form attached hereto as Exhibit C. The Claim Form sent to potential members of the Provider Subclass shall be substantially in the form attached hereto as Exhibit D. The Individual Notices and Claim forms sent to potential members of the Claimant and Provider Subclasses shall be mailed in envelopes substantially in the form attached hereto as Exhibit E.

8.     Liberty and the Administrator shall take the following steps to ensure that these mailings provide the best notice practicable under the circumstances:

A.     Within 10 days after the entry of this Order, Liberty shall provide to the Administrator a listing of the last known addresses ("LKAs") of all Potential Class Members. If possible, the listing shall segregate LKAs that were provided to Liberty within the last four years from those that were provided to Liberty more than four ago.

B.     Within 20 days after the entry of this Order, the Administrator shall (i) run all of the LKAs received from Liberty through the Postal Service's National Change of Address Database ("NCOA") to identify address changes within the last four years, (ii) set aside as ready to mail all addresses updated through the NCOA database, and (iii) run all addresses that were not updated by NCOA and not known to have been provided to Liberty within the past four years through a third-party lookup program such as LexisNexis Accurint.

C.     Within 30 days after the entry of this Order, the Administrator shall mail the Individual Notices to Potential Class Members by first class mail, addressed to the most current address produced through the updating protocol described in paragraph 8(B).

D.     In the event that a Class Notice is returned by the postal service with a new address shown on a "yellow sticker" affixed to the Notice, the Administrator shall promptly (within 5 business days) re-mail the Notice to the address shown on the "yellow sticker".

E.     In the event that a Class Notice is returned by the postal service without a new address shown on a "yellow sticker" affixed to the Notice, the Administrator shall take the following steps to re-send the Notice: (i) if the returned notice was originally sent to an address that was not generated by a third-party lookup program such as LexisNexis Accurint, the Administrator shall run the LKA through the third-party lookup service and re-mail the Class Notice to the best address resulting from that research, or to the original LKA if no other address is found during that research; (ii) if the returned notice was originally sent to an address that was generated by a third-party lookup program such as LexisNexis Accurint, the Administrator shall re-mail the Notice to the

UUս065

next-best address resulting from that original research, or to the original LKA if no other address was found during that research.

9.    In addition to the Individual Notices given in accordance with paragraphs 6-8, above, Liberty and the Administrator shall—within 30 days after the preliminary approval of this Stipulation and the Settlement—establish a website for Potential Class Members to access for additional information and post on that website for review and printing by Potential Class Members a copy of this Stipulation, a copy of this Order preliminarily approving this Stipulation and the Settlement, a copy of the Individual Notice, a copy of the Claimant Subclass Claim Form, a copy of the Provider Subclass Claim Form, and a Detailed Notice substantially in the form attached hereto as Exhibit F.  Liberty and the Administrator shall also establish and maintain a toll-free telephone number for Potential Class Members to call for additional information.

10.    Upon request, Liberty and the Administrator shall provide Class Counsel with such reasonable access to the notice process as they may need to monitor compliance with paragraphs 6-9.

11.    At least 7 days before the Fairness Hearing provided for in paragraph 13, below, Liberty shall file with the Court and serve upon Class Counsel a declaration confirming (a) distribution of the Individual Notice in accordance with paragraphs 6-8 of this Order and (b) establishment of a website and toll-free telephone number in accordance with paragraph 9 of this Order.

12.    The costs of providing and confirming the distribution of Class Notice as required by paragraphs 6-11, above, shall be borne by Liberty as agreed in the Stipulation.

13.    The Court will hold a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement (the "Fairness Hearing") at ____ ___.m., _____ ___,

000068

2014, in Courtroom No. _____ of the Circuit Court of St. Clair County, Illinois, St. Clair County Building, #10 Public Square, Belleville, IL 62220, as set forth in the Individual Notices and the Detailed Notice. During the Fairness Hearing, the Court will consider whether the proposed Settlement described in the Stipulation, including the proposed award of attorneys' fees, costs and expenses to Class Counsel and the proposed award of an incentive fee to the Class Representatives, should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Judgment approving the proposed Settlement and dismissing this Action on the merits, with prejudice, and without leave to amend. Upon a showing of good cause, the Fairness Hearing may be postponed, adjourned or rescheduled by Order of the Court without further notice to the members of the Settlement Class.

14.    Potential Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion complying with the provisions of and containing the information requested by the Detailed Notice and the Stipulation. To be effective, such a request must be sent by first-class mail to the Administrator at the address provided in the Class Notice and postmarked not later than 14 days before the date set for the Fairness Hearing.

15.    At least 7days before the Fairness Hearing, Class Counsel shall file with the Court and serve upon Liberty's Counsel a declaration of the Administrator, reporting the number and status of any requests for exclusion.

16.    Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Individual Notice, the Detailed Notice, and the Stipulation shall be excluded from the Settlement Class. Such persons shall have no rights under the proposed Settlement, shall not share in any distribution of funds under the proposed Settlement, and shall

00J067

not be bound by the proposed Settlement or by any Final Judgment approving the proposed Settlement.

17.    All Settlement Class Members who do not request exclusion in the manner set forth in the Individual Notice, in the Detailed Notice, and in the Stipulation shall be bound by any Final Judgment entered pursuant to the Stipulation, and shall be barred and enjoined, now and in the future, from asserting any of the Released Claims against any Released Persons. Upon entry of a Final Judgment approving the proposed Settlement, all Settlement Class Members shall be conclusively deemed to have fully and finally released all of the Released Parties from any and all Released Claims.

18.    Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement by filing written notices of intent to object complying with the provisions of and containing the information requested by the Detailed Notice and the Stipulation. The right to object to the proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a corporation, a limited-liability company, or a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity. Unless the Court in its discretion shall otherwise direct, an objection to the proposed Settlement shall be heard, and any papers or briefs submitted in support of said objection shall be considered, only if (a) the objection and all supporting information required by the Stipulation are filed with the Court at least 14 days before the date set for the Fairness Hearing and (b) copies of the objection and all supporting information required by the Stipulation are sent to Class Counsel by first-class mail, postmarked no later than 14 days before the date set for the Fairness Hearing.

UUↄ668

19.     This Order preliminarily certifies the Settlement Class for settlement purposes only. Neither this Order, nor the Stipulation, nor the negotiations of the Settlement, nor any act, statement or document related in any way to the Settlement negotiations, nor any pleadings or other document or action related in any way to the Stipulation shall be (a) offered into evidence in the Action or in any other case or proceeding in support of or in opposition to a motion to certify a contested class or (b) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class. In the event that the Settlement is not finally approved for any reason, Liberty shall retain the right to object to the maintenance of the Action and/or any other case as a class action and to contest the Action and/or any other case on any ground.

20.     Neither this Order, nor the Stipulation, nor the proposed Settlement is to be deemed or construed as a finding or admission of liability, wrongdoing, or fault on the part of Liberty or any other person. No person comprised within the definition of the Settlement Class defined in paragraph 2, above, or any person acting in concert with any such person may offer this Order, the Stipulation, the proposed Settlement, or any documents or statements submitted to the Court in furtherance of the proposed Settlement into evidence in any action or proceeding in any court or other tribunal as a finding, admission, concession, or suggestion of liability or wrongdoing on the part of Liberty or any other person.

21.     Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

22.     It is hereby ordered that this Action shall be stayed pending further proceedings in connection with the effectuation of the Proposed Settlement.

UUᴐᴐ69

IT IS SO ORDERED.

Dated this _____ day of _____, 2014.

_____
CIRCUIT COURT JUDGE

US 2879378v.6

OUⱯ070

# EXHIBIT A

Exhibit 1

003071

LEGAL NOTICE

# You could get money from a class action settlement about payment of medical expenses under Liberty auto policies.

A settlement has been reached in a class-action lawsuit called *Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, et al.*, Case No. 14-L-521 in the Circuit Court of St. Clair County, Illinois, challenging the use of computerized bill-review systems by Liberty Mutual Insurance Company and several of its affiliates (collectively, "Liberty") to limit payments to medical providers and injured people for medical treatments covered under personal auto policies. The settlement pays money to eligible people who submit valid claim forms.

The Circuit Court of St. Clair County, Illinois, will have a hearing to decide whether to give final approval to the settlement so that payments can be made. Those included in the class action, together called a "Class," may ask for a payment, exclude themselves from the settlement, object to it, or ask to speak at the hearing. There is a detailed notice available by calling toll free or going to the website below.

## WHO'S INCLUDED?

Liberty's records indicate you may be a Class member if you received this in the mail.

The settlement includes these "Liberty" insurers: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company.

The settlement includes personal auto policies delivered by a Liberty insurer to policyholders in the following "Settlement States": Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and Wyoming.

You are in one or more "Subclasses" if you, between June 25, 2004, through _____, 2014:

**Policyholder Subclass:** bought or were insured under a personal auto policy that was issued by Liberty in one of the Settlement States and provided Medical Payments ("MedPay") or Personal Injury Protection ("PIP") coverage. Liberty policyholders may also be in the Claimant Subclass.

**Claimant Subclass:** suffered injuries that were covered by MedPay or PIP coverage under a Liberty policy issued in a Settlement State; received medical treatment for those injuries; sought payment for the treatment through a Liberty policy (or allowed someone else to seek payment on your behalf); and received from Liberty a total payment that was less than the amount billed for that treatment. You don't have to be a Liberty policyholder to be in the Claimant Subclass.

**Provider Subclass:** provided medical treatment to a member of the Claimant Subclass; sought payment under the MedPay or PIP coverage provided by a Liberty policy; and received from Liberty a total payment that was less than the amount billed for that treatment.

Also, to be a Claimant or Provider Subclass member, the amount paid to you by Liberty must have been based on Liberty's determination, due solely to its use of Ingenix® MDR databases, that the amount billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment.

Not sure if you are included? Get the detailed notice which tells you even more about who is included.

## WHAT DOES THE SETTLEMENT PROVIDE?

The settlement will pay cash to eligible Claimant and Provider Subclass members who timely submit properly completed claim forms. Although there is no cap on the total amount of such payments, Liberty estimates that the total payable to Claimant and Provider Subclass members in

accordance with the Settlement is approximately $3.6 million.

Also, over the next five years, Liberty will use agreed-upon methods to adjust MedPay and PIP claims, and publicize those methods on www.LibertyMutual.com and in materials provided to policyholders, claimants, and medical providers. A settlement agreement, available at the website or by calling toll free _____, describes all of the details about the proposed settlement. The Court did not decide that Liberty did anything wrong. Instead, Liberty agreed to resolve the case and give benefits to the Class.

## HOW MUCH COULD YOU GET?

Payments to eligible Claimant and Provider Subclass members will be 50% of the amount of money that you show you lost as a result of the "differences" described below.

**Policyholder Subclass:** To get a payment you must be a Claimant or Provider Subclass member.

**Claimant Subclass:** If you paid any portion of the difference between a) the amount billed for a treatment and b) the amount Liberty reimbursed for that treatment through Liberty's use of Ingenix MDR databases, you're eligible for 50% of the portion of that difference you paid.

**Provider Subclass:** If you did not collect (from your patient or any other source) the full amount of the difference between a) the amount billed for covered treatment of a member of the Claimant Subclass and b) the amount Liberty reimbursed for that treatment as a result of its use of Ingenix MDR databases, you're eligible for 50% of the portion of that difference that you did not collect.

## HOW DO YOU ASK FOR A PAYMENT?

Complete the appropriate claim form and mail it with the documents it asks for, postmarked by _____, 2014, to the address on the form. Get a claim form by calling 1-_____ or going to www._____.com.

## WHAT ARE YOUR OTHER OPTIONS?

If you don't want a payment from this settlement, and you don't want to be legally bound by it, you must exclude yourself by _____, 2014 or you won't be able to sue Liberty about the claims in this case ever again. If you ask to be excluded, you can't get a payment from this settlement. If you stay in the settlement, you may object to it by _____, 2014. The detailed notice explains how to exclude yourself or object.

The Court will hold a hearing in this case (*Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Company of America, and Liberty Insurance Company of Illinois*, Case No. 14-L-521) on _____, 2014, to consider whether to approve the settlement, and a request by the lawyers representing Class members (including Robert W. Schmieder II and Bradley M. Lakin of St. Chapman LLC in St. Louis, MO) for attorneys' fees, costs and expenses of $1,200,000, and an award of $3,000 for Lebanon Chiropractic Clinic, P.C., who is a Class member like you and was appointed by the Court to represent Class members in the case. Any fees, costs, expenses and payments will be paid separately by Liberty. You or your own lawyer may ask to appear and speak at the hearing, at your own cost, but you don't have to. If the Court approves the settlement, Liberty will be released from all liability for the claims in this case. The settlement agreement explains this fully.

## HOW DO YOU GET MORE INFORMATION?

To learn more, call toll free, visit the website, or write to Liberty Lebanon Claims, _____.

1-_____
www._____.com

# EXHIBIT B

Exhibit 1

# Legal Notice of Class Action Settlement Involving Liberty Policies.

A proposed settlement has been reached in a lawsuit called *Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, et al.*, Case No. 14-L-521 in the Circuit Court of St. Clair County, Illinois, concerning payments to medical providers and claimants for medical treatment under certain auto policies issued by Liberty Mutual Insurance Company and several of its affiliates (collectively, "Liberty"). If you received this notice in the mail, Liberty's records indicate that you might be a member of a "Settlement Class." If so, the settlement could affect your legal rights. To learn more, read this notice. For more details, call 1-_____ or visit www.____.com.

## WHAT'S THIS ABOUT?

The lawsuit alleges that Liberty improperly adjusted claims for payment of medical expenses under Medical Payments ("MedPay") and Personal Injury Protection ("PIP") coverage provided by personal auto policies issued in the "Settlement States" listed below. Liberty denies these allegations.

## WHO'S INCLUDED?

The settlement is between Liberty and a Settlement Class that includes three groups or "subclasses" of people: "Policyholders," "Claimants," and "Providers." Policyholders are people who were named insureds under personal auto policies that provided MedPay and/or PIP coverage and were issued by Liberty in the "Settlement States" between June 25, 2004, through _____, 2014. Claimants are people who filed claims for MedPay and/or PIP benefits under such policies, and Providers are doctors and others who treated Claimants. "Liberty" means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company. The "Settlement States" are Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and Wyoming.

## WHAT THE SETTLEMENT PROVIDES.

Liberty will pay a total of up to $3,600,000 to eligible Claimants and Providers. Also, Liberty will use agreed methods to adjust MedPay and/or PIP claims in the future and publicize those methods on its website, www._____.com, and in materials provided to Policyholders, Claimants, and Providers. *Policyholders who are not Claimants or Providers will not receive cash under the settlement.* If you think that you might be a Claimant or a Provider but did not get a claim form by mail, call 1-_____ or go to www._____.com. Claim forms for Claimants and Providers must be postmarked by _____, 2014.

The settlement does not mean that Liberty acted properly or improperly, and the Court has made no such finding.

## ABOUT YOUR RIGHTS.

The Court will hold a hearing on _____, 2014, to consider approval of the settlement and a request by the lawyers representing Class members (including Robert W. Schmieder II and Bradley M. Lakin of SL Chapman LLC) for attorneys' fees, costs and expenses of $1,200,000, and an award of $3,000 in incentive fees for the Class member appointed to represent the Class. All such fees, costs, and expenses will be paid by Liberty. You or your own lawyer may ask to appear and speak at the hearing, at your own cost, but you don't have to. If the settlement is approved, however, it will release Liberty from liability for the claims alleged in the case. The settlement agreement available at www._____.com explains this fully.

If you don't want to be legally bound by this settlement, you must exclude yourself by _____, 2014. If you don't exclude yourself, you won't be able to sue Liberty about the claims in this case ever again. If you do not exclude yourself, you may object to the settlement by _____, 2014. The detailed notice explains how to exclude yourself or object.

To learn more, call, go to the website, or write Liberty Lebanon Claims, P.O. Box

**1-800-000-000**
**WWW._____com**

Exhibit 1

000074

# EXHIBIT C

Exhibit 1

000075

CLAIMANT SUBCLASS CLAIM FORM

**Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual et al. Class Action Settlement**

This form is for Claimant Subclass members. For a Provider Subclass form, call 1-___-___ or go to the website www._____.com.

Fill out and submit this claim form if you believe that you are (a) a member of the Claimant Subclass and (b) satisfy the requirements for receiving a payment under the Settlement. You are a member of the Claimant Subclass if, between June 25, 2004, and October___, 2014, you suffered injuries that were covered by the Personal Injury Protection (PIP) or Medical Payments (MedPay) coverage provided by a personal automobile policy issued by a "Liberty" insurer in a "Settlement State," received medical treatment for those injuries, sought payment for that treatment under the Liberty policy (or allowed someone else to seek payment on your behalf); and received from Liberty a total payment that was less than the amount billed for the treatment due to Liberty's use of an Ingenix MDR database to determine the usual, customary, or reasonable allowance for the treatment. You might be eligible for a payment under the Settlement if you are a member of the Claimant Subclass and you paid any portion of the difference between (a) the amount billed for the treatment and (b) the amount Liberty paid for the treatment due to its use of an Ingenix MDR database to determine the usual, customary, or reasonable allowance for the treatment.

"Liberty" means the following insurers:  Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company.

The "Settlement States" are: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and Wyoming.

Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by _____, 2014. Remember to sign your Claim Form before you mail it and include all requested documentation that you have available.

1.   **CLASS MEMBER INFORMATION.**

Name: _____

_____
Number and Street

_____ State _____ Zip Code _____
City

Contact Name _____

Daytime Phone: (_____) _____

2.   **CLAIM INFORMATION.**

Page 2 of this claim form requests information regarding the treatment for which you seek payment.  If you seek payment for more than one treatment, please photocopy Page 2 and complete a separate copy regarding each treatment for which you seek payment.

3.   **REQUIRED DOCUMENTATION.**

You need to attach any of the following that you have in your possession:

- Any documents you received from Liberty regarding the claim, including Explanations of Benefits (EOBs), Explanations of Payments (EOPs), or Explanations of Reviews (EORs),  and correspondence regarding the claim; and
- Any documents showing whether any person other than Liberty was billed for—or paid—any of the cost of any covered treatment (e.g., copies of any EOBs, EOPs, or EORs, medical bills, correspondence, and/or insurance claim forms related to the covered treatment and copies of any cancelled checks or other documents demonstrating payment for the covered treatment).

4.   **SIGN AND DATE YOUR CLAIM FORM.**

I certify under penalty of perjury that I have read this Claim Form; I believe I am eligible for Class Membership; all of the information on this Claim Form is true and correct to the best of my knowledge; I have made a diligent search for the documents described in Part 3 above; and I have attached to or enclosed with this Claim Form all such documents that I have been able to locate.

_____   _____   ___/___/___
Signature                     Print Name                     Month/Day/Year

5.   **MAIL YOUR CLAIM FORM.**

Claim Form must be postmarked by _____, 2014 and mailed to:    Liberty Lebanon Claims
                                                                   P.O. Box _____,

Exhibit 1

**CLAIMANT SUBCLASS CLAIM FORM**

**Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual et al. Class Action Settlement**

**INFORMATION REGARDING TREATMENT FOR WHICH YOU SEEK PAYMENT UNDER THE SETTLEMENT.**

Please provide the following information regarding the treatment for which you seek payment under the settlement. If you seek payment for more than one treatment, please photocopy this page as necessary and complete a separate copy regarding each treatment for which you seek payment.

a.  Name of person treated: _____

b.  _____
    Number and Street

c.  _____
    City                                    State              Zip Code

d.  Approximate Date of Accident: ____/____/____
                                   Month/Day/Year

e.  Approximate Date of Treatment: ____/____/____
                                    Month/Day/Year

f.  Nature of the treatment: _____

g.  Approximate date Claim was submitted to Liberty: ____/____/____
                                                      Month/Day/Year

h.  Liberty Policy Number: _____ (if known)

i.  Liberty Claim Number: _____ (if known)

j.  Total amount billed by your Medical Provider for the treatment: $ _____

k.  Total amount paid by Liberty for the treatment: $ _____

l.  Did your Medical Provider bill you for any amount unpaid by Liberty? _____

m.  If you received a bill from your Medical Provider for a balance unpaid by Liberty, how much, if anything, did you pay in response to that bill? $ _____

n.  Did another insurance company (or anyone else) reimburse you for the amount, if any, you paid in response to that bill? _____

**A NOTE ABOUT CLAIMS ADMINISTRATION.**

Please be patient. If your claim is approved, you will receive a letter telling you what your payment will be. The letter will explain the process and deadlines to resolve any disagreement you may have with your payment amount.

# EXHIBIT D

Exhibit 1

003078

PROVIDER SUBCLASS CLAIM FORM

Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual et al. Class Action Settlement

This form is for Provider Subclass members. For a Claimant Subclass form, call 1-___-____ or go to the website www._____.com.

Fill out and submit this claim form if you believe that you are (a) a member of the Provider Subclass and (b) satisfy the requirements for receiving a payment under the Settlement. You are a member of the Provider Subclass if, between June 25, 2004, and October___, 2014, you provided medical treatment to a member of the Claimant Subclass; sought payment under the Personal Injury Protection (PIP) or Medical Payments (MedPay) coverage provided by a personal automobile policy issued by "Liberty" in a "Settlement State," and received from Liberty a total payment that was less than the amount billed for that treatment due to Liberty's use of an Ingenix MDR database to determine the usual, customary, or reasonable allowance for the treatment. You might be eligible for a payment under the Settlement if you are a member of the Provider Subclass and you did not collect (from your patient or any other source) the full amount of the difference between (a) the amount billed for the treatment and (b) the amount Liberty reimbursed for the treatment as a result of its use of Ingenix MDR databases.

"Liberty" means the following insurers: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and/or American Economy Insurance Company.

The "Settlement States" are: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and/or Wyoming.

Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by _____, 2014. Remember to sign your Claim Form before you mail it and include all requested documentation that you have.

1.   CLASS MEMBER INFORMATION.

Name: _____    Tax Payer Identification _____

_____
Number and Street

_____   _____   _____
City                                                          State                            Zip Code

Contact Name

Daytime Phone: (___) _____

2.   CLAIM INFORMATION.

Page 2 of this claim form requests information regarding the treatment for which you seek payment under the settlement. In lieu of answering questions a-k, you may attach a copy of the latest EOR you received regarding the treatment. If you seek payment for more than one treatment, please photocopy Page 2 and complete a separate copy (and provide a separate EOR) regarding each treatment for which you seek payment.

3.   REQUIRED DOCUMENTATION.

You need to attach any of the following that you have in your possession:

*   Any documents you received from Liberty regarding the claim, including Explanations of Benefits (EOBs), Explanations of Payments (EOPs), or Explanations of Reviews (EORs), and correspondence regarding the claim; and
*   Any documents showing whether any person other than Liberty was billed for—or paid—any of the cost of any covered treatment (e.g., copies of any EOBs, EOPs, or EORs, medical bills, correspondence, and/or insurance claim forms related to the covered treatment and copies of any cancelled checks or other documents demonstrating payment for the covered treatment).

4.   SIGN AND DATE YOUR CLAIM FORM.

I certify under penalty of perjury that I have read this Claim Form; I believe I am eligible for Class Membership; all of the information on this Claim Form is true and correct to the best of my knowledge; I have made a diligent search for the documents described in Part 3 above; and I have attached to or enclosed with this Claim Form all such documents that I have been able to locate.

_____    _____    ___/___/___
Signature                                      Print Name                         Month/Day/Year

5.   MAIL YOUR CLAIM FORM.

Claim Form must be postmarked by _____, 2014 and mailed to:

Liberty Lebanon Claims
P.O. Box _____

Exhibit 1

PROVIDER SUBCLASS CLAIM FORM

### Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual et al. Class Action Settlement

INFORMATION REGARDING TREATMENT FOR WHICH YOU SEEK PAYMENT UNDER THE SETTLEMENT.

Please provide the following information regarding the treatment for which you seek payment under the settlement. In lieu of answering questions a-k, you may attach a copy of the latest EOB, EOP, or EOR you received regarding the treatment. If you seek payment for more than one treatment, please photocopy this page as necessary and complete a separate copy regarding each treatment for which you seek payment.

a. Name of person treated: _____

b. _____
   Number and Street

c. _____
   City                                    State                Zip Code

d. Approximate Date of Accident: ___/___/___
                                  Month/Day/Year

e. Approximate Date of Treatment: ___/___/___
                                   Month/Day/Year

f. Nature of the treatment: _____

g. Approximate date you submitted Claim to Liberty: ___/___/___
                                                     Month/Day/Year

h. Liberty Policy Number: _____ (if known)

i. Liberty Claim Number: _____ (if known)

j. Total amount you billed for this treatment: $ _____

k. Total amount paid by Liberty for this treatment: $ _____

l. Amount, if any, you billed to Patient/Claimant for any balance unpaid by Liberty: $ _____

m. If you sent a bill to the Patient/Claimant for the balance unpaid by Liberty, how much, if anything, did you receive in response to that bill: $ _____

n. Amount, if any, you billed to any other insurance company for this treatment: $ _____

o. If you sent a bill to another insurance company for this treatment, how much did you receive in response to that bill: $ _____


A NOTE ABOUT CLAIMS ADMINISTRATION.

Please be patient. If your claim is approved you will receive a letter telling you what your payment will be. The letter will explain the process and deadlines to resolve any disagreement you may have with your payment amount.

# EXHIBIT E

Exhibit 1

Notice Administrator for Circuit Court

P.O. Box ____

Legal Notice-Settlement of Class Action

Exhibit 1

000082

# EXHIBIT F

Exhibit 1

UU5083

CIRCUIT COURT OF THE STATE OF ILLINOIS IN THE COUNTY OF ST. CLAIR

# Legal notice about a class action settlement involving payment of medical expenses under Liberty auto policies.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement has been reached in a class-action lawsuit about payments to medical providers and injured people for medical treatment under certain auto policies issued by Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois, and several of their affiliates (collectively, "Liberty")

- The settlement will pay money to eligible people who submit valid claim forms.

- If you are included in the settlement, your legal rights will be affected whether you act, or don't act. Read this notice carefully.

| CLASS MEMBERS' RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | Claimant and Provider Class members can request a payment, as described in this notice. |
| **ASK TO BE EXCLUDED** | Get no payment. The only option that allows you to sue Liberty over the claims resolved by this settlement. |
| **OBJECT** | Write to the Court about why it should reject the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about an objection. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Money will be distributed if the Court does so, and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**Page**

**BASIC INFORMATION** ..................................................................................................... 3
  1. Why was this notice issued? 3
  2. What Liberty insurance companies are part of the settlement? 3
  3. What is this lawsuit about? 3
  4. What is a covered medical treatment? 3
  5. What is a class action? 3
  6. Why is there a settlement? 3

**WHO IS IN THE SETTLEMENT** ............................................................................................ 4
  7. How do I know if I am part of the settlement? 4
  8. How do I know if I am part of the Policyholder Subclass? 4
  9. How do I know if I am part of the Claimant Subclass? 5
  10. How do I know if I am part of the Provider Subclass? 5
  11. What is the Ingenix MDR database? 6
  12. What determination did Liberty make about my reimbursement? 6
  13. Are there exceptions to being included? 6
  14. I'm still not sure I'm included. 6

**THE SETTLEMENT BENEFITS—WHAT YOU GET** .................................................................. 6
  15. What does the settlement provide? 6
  16. How do I qualify for a payment if I'm a Policyholder Subclass member? 7
  17. How do I qualify for a payment if I'm a Claimant Subclass member? 7
  18. How do I qualify for a payment if I'm a Provider Subclass member? 7
  19. How much will my payment be? 7

**HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM** ..................................................... 7
  20. How can I get a payment? 7
  21. When will I get my payment? 7
  22. What if I disagree with the amount of my payment? 8
  23. What am I giving up to get a payment or stay in the Class? 8

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................................... 8
  24. How do I get out of the settlement? 8
  25. If I don't exclude myself, can I sue Liberty for the same thing later? 8
  26. If I exclude myself, can I get a payment from this settlement? 8

**THE LAWYERS REPRESENTING YOU** ................................................................................... 9
  27. Do I have a lawyer in this case? 9
  28. How will the lawyers be paid? 9

**OBJECTING TO THE SETTLEMENT** ..................................................................................... 9
  29. How do I ask the Court to reject the settlement? 9
  30. What's the difference between objecting and asking to be excluded? 9

**THE COURT'S FAIRNESS HEARING** ................................................................................... 10
  31. When and where will the Court decide whether to approve the settlement? 10
  32. Do I have to come to the hearing? 10
  33. May I speak at the hearing? 10

**IF YOU DO NOTHING** ...................................................................................................... 10
  34. What happens if I do nothing at all? 10

**GETTING MORE INFORMATION** ........................................................................................ 10
  35. How do I get more information about the settlement? 10

# BASIC INFORMATION

### 1.     Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action, including the right to claim money, and about all of your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the settlement, and after any appeals are resolved, payments will be made to everyone who submitted a valid claim. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

Judge _____ in the Circuit of Illinois for St. Clair County is overseeing this class action. The case is known as *Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois*, Case No. 14-L-521. The people who sued are called the "Plaintiffs," and the companies they sued, together referred to as "Liberty," are called the "Defendants."

### 2.     What Liberty insurance companies are part of the settlement?

The settlement includes these "Liberty" insurers: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company.

### 3.     What is this lawsuit about?

The lawsuit claimed that Liberty improperly used undisclosed computerized bill-review systems to limit payments to medical providers and/or reimbursements to injured people for medical treatments covered by the Medical Payments ("MedPay") and Personal Injury Protection ("PIP") coverage provided under personal auto policies. Liberty has denied all of these claims, and maintains that it did not act wrongfully or unlawfully.

### 4.     What is a covered medical treatment?

A covered medical treatment includes any medical treatment, medical service, medication, or prosthesis for an injury covered by the MedPay and/or PIP coverage provided by the personal auto policy.

### 5.     What is a class action?

In a class action, one or more people called "Class Representatives" (in this case, Lebanon Chiropractic Clinic, P.C.) sue on behalf of people who have similar claims. All these people are a "Class" or "Class members." One court resolves the issues for all Class members, except for those who exclude themselves from the Class.

### 6.     Why is there a settlement?

The Court did not decide in favor of Plaintiff or Liberty. Instead, both sides agreed to settle. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and their attorneys think the settlement is best for all Class members. The settlement does not mean that Liberty did anything wrong.

00~068

## WHO IS IN THE SETTLEMENT

To see if you can get benefits from this settlement, you first have to decide if you are a Class member.

### 7. How do I know if I am part of the settlement?

The settlement involves claims for medical expenses under personal auto policies delivered by Liberty to policyholders in the following "Settlement States": Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and Wyoming.

The settlement includes three different subclasses:

Policyholder Subclass: Every person who, at any time from June 25, 2004, through _____, 2014, purchased or was named as an insured in a personal automobile policy that was delivered by Liberty or one of its agents to a policyholder in one of the Settlement States and that provided MedPay or PIP coverage (a "Liberty Policy").

Claimant Subclass: Every person who, at any time from June 25, 2004, through _____, 2014:

- suffered an injury covered by the MedPay or PIP coverage provided by a Liberty Policy,
- received a covered treatment for the covered injury,
- submitted (including by others on his or her behalf) a claim for payment or reimbursement of the costs of the covered treatment under the MedPay and/or PIP coverage provided by the Liberty Policy, and
- received from Liberty as payment or reimbursement for at least one covered treatment (through payments to himself, herself, or to others on his or her behalf) an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined solely through the use of a computerized bill-review system and Ingenix® MDR databases that the charge billed for that treatment exceeded the usual, customary, or reasonable amount for that treatment.

Provider Subclass: Every person who, from June 25, 2004, through _____, 2014:

- provided covered treatment to a member of the Claimant Subclass for a covered injury,
- sought payment for that covered treatment under the MedPay or PIP coverage provided by the Liberty Policy, and
- received from Liberty as payment for the covered treatment an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined solely through the use of a computerized bill-review system and Ingenix MDR databases that the charge billed for that treatment exceeded the usual, customary, or reasonable amount for that treatment.

### 8. How do I know if I am part of the Policyholder Subclass?

This series of questions may help you decide if you are part of the Policyholder Subclass:

- Did you buy (or were you named as an insured in) a personal auto policy issued by one of the Liberty insurers listed under Question 2?
  If Yes, continue. If No, stop - you are not a Policyholder Subclass member.

- Was the policy in force at any time from June 25, 2004, through _____, 2014?
  If Yes, continue. If No, stop - you are not a Policyholder Subclass member.

- 4 -

Exhibit 1

005087

- Was the policy delivered in one of the Settlement States listed under Question 7?
  If Yes, continue.  If No, stop - you are not a Policyholder Subclass member.

- Did the policy provide MedPay or PIP coverage?
  If Yes, continue.  If No, stop - you are not a Policyholder Subclass member.

If you answered yes to ALL of these questions you are probably a Policyholder Subclass member.  Please see Question 9 to see if you are included in the Claimant Subclass.

## 9.   How do I know if I am part of the Claimant Subclass?

This series of questions may also help you decide if you are part of the Claimant Subclass.  You do not have to be a Liberty policyholder to be in this Subclass.  Answer the following questions for the time period from June 25, 2004, through _____, 2014:

- Did you suffer an injury covered by the MedPay or PIP coverage provided by a personal auto policy that was issued by one of the Liberty insurers listed under Question 2?
  If Yes, continue.  If No, stop - you are not a Claimant Subclass member.

- Was the policy delivered in one of the Settlement States listed under Question 7?
  If Yes, continue.  If No, stop - you are not a Policyholder Subclass member.

- Did you receive a covered medical treatment for your injury?
  If Yes, continue.  If No, stop - you are not a Claimant Subclass member.

- Did you seek payment for this covered treatment under the MedPay or PIP coverage provided by the Liberty Policy (or did someone else seek payment on your behalf)?
  If Yes, continue.  If No, stop - you are not a Claimant Subclass member.

- Did you (or someone else on your behalf) receive, for at least one covered treatment, a reimbursement that was less than the amount billed for that treatment?
  If Yes, continue.  If No, stop - you are not a Claimant Subclass member.

- Did you (or someone else on your behalf) receive a written Explanation of Benefits (EOB), Explanation of Payment (EOP), or Explanation of Review (EOR) indicating that Liberty or one of its agents determined that the amount billed for that treatment exceeded the customary allowance for that treatment?
  If Yes, continue.  If No, stop - you are not a Claimant Subclass member.

If you answered yes to ALL of these questions you are probably a Claimant Subclass member.  Note that you don't have to be a Liberty policyholder to be in the Claimant Subclass.

## 10.   How do I know if I am part of the Provider Subclass?

This series of questions may help you decide if you are part of the Provider Subclass.  A provider includes a medical provider, that is, any hospital, clinic, pharmacy, physician, physician's assistant, chiropractor, nurse, nurse practitioner, emergency medical technician, and/or any other person who provided medical treatment, medical services, medication, or prosthesis for an injury covered by MedPay or PIP coverage provided by the personal auto policy.  Answer the following questions for the time period from June 25, 2004, through _____, 2014:

- Did you provide a covered treatment to a member of the Claimant Class described under Question 7?
  If Yes, continue.  If No, stop - you are not a Provider Subclass member.

00ɔ088

- Did you seek payment for that covered treatment under the MedPay or PIP coverage provided by a Liberty Policy described under Question 7?

  If Yes, continue. If No, stop - you are not a Provider Subclass member.

- Did you receive from Liberty, for at least one covered treatment, a reimbursement that was less than the amount billed for that treatment?

  If Yes, continue. If No, stop - you are not a Provider Subclass member.

- Did you (or someone else on your behalf) receive a written Explanation of Benefits (EOB), Explanation of Payment (EOP), or Explanation of Review (EOR) indicating that Liberty or one of its agents determined that the amount billed for that treatment exceeded the usual, customary, or reasonable amount for that treatment?

  If Yes, continue. If No, stop - you are not a Provider Subclass member.

If you answered yes to ALL of these questions you are probably a Provider Subclass member.

## 11.    What is the Ingenix MDR database?

The Ingenix MDR database is an industry-standard benchmarking database, which helps insurance companies develop reimbursement schedules for both in- and out-of-network claim payments.

## 12.    What determination did Liberty make about my reimbursement?

These determinations due to Liberty's use of Ingenix would have been noted in a written Explanation of Benefits (EOB), Explanation of Payment (EOP), or Explanation of Review (EOR) that came from Liberty about your claim or with your payment. The determination would have been noted by a statement on the EOB, EOP, or EOR, that the amount billed for treatment exceeded the usual, customary, or reasonable amount for that treatment.

## 13.    Are there exceptions to being included?

The attorneys representing the Class, all released parties, "Neutral Evaluators," and Illinois judges. Neutral Evaluators are people who will help the Court resolve disputes about claims in the settlement (*See* Question 22).

## 14.    I'm still not sure I'm included.

If you are not sure whether you are included in the Class, you may call the toll free number 1-_____ with questions.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 15.    What does the settlement provide?

The settlement will pay cash to eligible Claimant and Provider Subclass members who timely submit properly completed claim forms. Although there is no cap on the total amount of such payments, Liberty estimates that the total payable to Claimant and Provider Subclass members in accordance with the Settlement is approximately $3.6 million.

The settlement also provides that, over the next five years, Liberty will use the publicly available FairHealth database and agreed methods to adjust MedPay and PIP claims, and publicize those methods on its website, www._____.com, and in materials provided to policyholders, claimants, and medical providers. A Settlement Agreement, available at www._____.com, describes all of the details about the proposed settlement.

Exhibit 1

005089

**16.    How do I qualify for a payment if I'm a Policyholder Subclass member?**

To be eligible for a payment, you must also be a member of the Claimant or Provider Subclass.

**17.    How do I qualify for a payment if I'm a Claimant Subclass member?**

You're eligible as a Claimant Subclass member if you show you paid a medical provider at least a portion of the difference between (a) the amount billed by the provider for a covered treatment and (b) the amount reimbursed by Liberty for that treatment due to its determination through use of Ingenix MDR databases that the charge billed for the treatment exceeded the usual, customary, or reasonable amount for that treatment.

**18.    How do I qualify for a payment if I'm a Provider Subclass member?**

You're eligible as a Provider Subclass member if you show that you did not collect from the patient or any other source the full amount of the difference between (a) the amount billed for a covered treatment and (b) the amount reimbursed by Liberty for that treatment due to its determination through use of Ingenix MDR databases that the amount billed for that treatment exceeded the usual, customary, or reasonable amount for that treatment.

**19.    How much will my payment be?**

Payments to eligible Subclass members will be 50% of the amount of money that you show you lost as a result of the "differences" described in the table below.

| CLAIMANT SUBCLASS | If you paid any portion of the difference between (a) the amount billed for a treatment and (b) the amount Liberty reimbursed for that treatment through Liberty's use of Ingenix MDR databases, **you're eligible for 50% of any portion of that difference that you paid.** |
|---|---|
| PROVIDER SUBCLASS | If you received payment from Liberty that was less than the amount charged for a treatment through Liberty's use of Ingenix MDR databases, **you're eligible for 50% of any portion of that difference that you didn't collect from the patient or another source.** |

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

**20.    How can I get a payment?**

To ask for a payment, you must complete and submit a claim form. There are separate claim forms for the Claimant and Provider Subclasses. You can get the claim forms at www._____.com or by calling the Settlement Administrator at 1-_____. You'll need to attach any documents that you have regarding the claim. See Section 3 of the claim forms for more details on the required documentation. Please read the instructions carefully, fill out the claim form and mail it postmarked no later than, _____, **2014** to:

> Liberty Lebanon Claims
> P.O. Box _____

**21.    When will I get my payment?**

The payments will be mailed to Class members who send in valid claim forms on time, after the Court grants "final approval" of the settlement, and any appeals are resolved. If Judge _____ approves the settlement after a hearing on _____, **2014** (see the section "The Court's Fairness Hearing" below),

- 7 -

005090

there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient.

**22.    What if I disagree with the amount of my payment?**

There is a process in the settlement to resolve disagreements between you and Liberty over how much money you should get. You will get further details in the letter you receive about your payment amount. The Settlement Agreement available at www._____.com also provides more information.

**23.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue Liberty over the claims settled in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you submit a claim form, or simply stay in the Class, you will agree to "release and discharge" Liberty as described in sections ___ and ___ of the Settlement Agreement. A complete copy of the Settlement Agreement can be obtained at www._____.com. The Settlement Agreement specifically describes the released claims in necessarily accurate legal terminology. Talk to Class Counsel (*See* the section on "The Lawyers Representing You" below) or your own lawyer if you have questions about the released claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue Liberty about the issues in this case, then you must take steps to get out. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement Class.

**24.    How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois*. Be sure to include the case number (No. 14-L-521), your full name, address, telephone number, and your signature. You must mail your request for exclusion postmarked by _____, 2014 to:

> Liberty Exclusions
> P.O. Box _____
> _____

You can't exclude yourself on the phone, by email, or at the website.

**25.    If I don't exclude myself, can I sue Liberty for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Liberty for the claims that this settlement resolves. You must exclude yourself from this Class to sue Liberty over the claims resolved by this settlement. Remember, the exclusion deadline is _____, 2014.

**26.    If I exclude myself, can I get a payment from this settlement?**

No. If you exclude yourself, do not submit a claim form to ask for a payment.

Exhibit 1

005091

## THE LAWYERS REPRESENTING YOU

### 27.   Do I have a lawyer in this case?

The Court appointed Robert W. Schmieder II and Bradley M. Lakin of SL Chapman LLC in St. Louis, MO to represent you and other Class members as "Class Counsel." You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 28.   How will the lawyers be paid?

Class Counsel will ask the Court for $1,200,000 to cover attorneys' fees and reimbursement of their expenses, and $3,000 to be awarded to the Class Representatives. Liberty has agreed not to oppose these fees, expenses, and awards up to the amounts above. The Court may award less than these amounts. Liberty will separately pay the fees, expenses, and awards that the Court orders. These payments will not reduce the amount distributed to Class members. Liberty will also separately pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

If you object to the settlement, you can ask the Court to reject it. The Court will consider your views.

### 29.   How do I ask the Court to reject the settlement?

If you don't want the Court to approve the settlement you must file a written objection that identifies the case, *Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois*, (No. 14-L-521, with the Circuit Court of St. Clair County, Illinois and send a copy to Class Counsel as noted below. Be sure to include your full name, address, telephone number, your signature, the specific reasons why you object to the settlement, with legal and factual support for each objection, and indicate whether you or your attorney will appear at the fairness hearing (*See* the section on the "Court's Fairness Hearing" below). If you or your attorney will appear at the fairness hearing, also include the following:

- name, address, bar number and telephone number of your attorney;
- list of any witnesses you intend to call at the fairness hearing, including the address of each witness and a summary of his or her proposed testimony; and
- copies of all exhibits you intend to introduce at the fairness hearing.

| File the objection with the Clerk of the Court at the address below by _____, 2014:<br>Note:   You may send it by mail, but it must be received and filed by the Clerk by this date: | Mail a copy of the objection to Class Counsel at the following address so that it is postmarked by _____, 2014: |
|---|---|
| **COURT** | **CLASS COUNSEL** |
| Clerk of the Court<br>P.O. Box _____<br>Belleville, IL 62220 | Class Counsel<br>P.O. Box _____<br>St. Louis, MO  63102 |

### 30.   What's the difference between objecting and asking to be excluded?

Objecting is telling the Court that you oppose approval of the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

- 9 -

003092

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 31.   When and where will the Court decide whether to approve the settlement?

The Court has scheduled a Fairness Hearing at _____, on _____, **2014**, at the Courtroom of the Circuit Court of St. Clair County, Illinois, St. Clair County Building, #10 Public Square, Belleville, IL 62220. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak about an objection according to Question 29 above. The Court may also decide how much to award Class Counsel as fees for representing the Class. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long this decision will take. The hearing may be moved to another day, time, or location, so check the website below for updates.

### 32.   Do I have to come to the hearing?

No. Class Counsel will answer questions that the Judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 33.   May I speak at the hearing?

If you submitted an objection to the settlement and indicated you want to speak at the Fairness Hearing (be sure you provide all the information and follow all the instructions in Question 29), you may ask the Court for permission to speak at the Fairness Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 34.   What happens if I do nothing at all?

If you do nothing, you'll get no payment from this settlement. But, unless you exclude yourself, you won't be able to sue Liberty for the claims resolved in this case.

## GETTING MORE INFORMATION

### 35.   How do I get more information about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement, which is available at www._____.com. If you have questions, visit the website, or call 1-_____, or write to Liberty Lebanon Claims at P.O. Box ____, _____. Do not contact the Court.

- 10 -

US 2733605v.7                    Exhibit 1

003093

# EXHIBIT 2

Exhibit 1

003094

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LEBANON CHIROPRACTIC CLINIC, P.C.,
Individually and on behalf of all others similarly
situated,

        Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, SAFECO
INSURANCE COMPANY OF AMERICA, and
SAFECO INSURANCE COMPANY OF
ILLINOIS,

        Defendants.

No. 14-L-521

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE

This Matter came before the Court on the ___ day of _____, 2014, on Plaintiff's Motion for Final Approval of Settlement, requesting final approval of the proposed Class Settlement memorialized in the Stipulation of Settlement filed of record on October ____, 2014, and preliminarily approved by the Court on October ___, 2014. Having read and considered all timely submissions made in connection with the proposed Settlement, and having reviewed and considered the files and records herein, the Court finds and concludes as follows:

1.     The Court has jurisdiction over the subject matter of this Action, the Plaintiff, the members of the Settlement Class, and Liberty.

2.     All capitalized terms used herein shall have the same meaning as set forth in the Stipulation, which is incorporated herein by reference.

Exhibit 1

UU5695

3.    The Complaint filed on June 25, 2014, alleges, among other things, that Liberty improperly used an undisclosed cost containment program involving computerized bill-review systems and other elements to cap the amounts paid to medical providers and/or reimbursed to injured parties for medical treatments covered by the Medical Payments ("MedPay") coverage and/or Personal Injury Protection ("PIP") coverage provided by certain automobile policies issued by Liberty. The Complaint further alleges that Liberty's use of computerized bill-review systems to determine the usual, customary, or reasonable charge payable under the PIP and/or MedPay coverage provided by Liberty's personal automobile breached the terms of those policies violated various consumer-protection statutes, and unjustly enriched Liberty.

4.    Liberty has denied that it has acted improperly or fraudulently and has raised several affirmative defenses, including but not limited to defenses based on (1) applicable statutes of limitations, (2) a prior class settlement of similar claims in a lawsuit styled *Froeber v. Liberty Mutual Insurance Company*, No. 00C15234 in the Circuit Court of Marion County, Oregon ("*Froeber*"), (3) a prior class settlement of similar claims in *Kerbs v. Safeco Insurance Company of America*, No. 10-2-17373-1 SEA in the Superior Court of King County, Washington (the "*Kerbs*"), and (4) settlements and judgments reached in individual disputes presenting similar claims in Illinois and other states ("Individual Disputes").

5.    On or about October _____, 2014, Plaintiff and Liberty entered into a Stipulation of Settlement, which Plaintiff promptly filed with the Court on October _____, 2014. The Stipulation provides for the settlement of this Action between Liberty and a proposed Settlement Class, subject to Court approval.

6.    Paragraph 28 of the Stipulation provides that, in exchange for the releases and other consideration described in paragraph 29 of the Stipulation, Liberty agrees to:

000696

A.    implement the following measures concerning Future Claims:

(i)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the charge billed by the Medical Provider (the "Billed Charge"), (b) the eightieth percentile charge for that Covered Treatment in the geozip area where the provider is located, as determined through the use of a FAIRHealth medical-charge database or another similar database (the "Eightieth Percentile Charge"), (c) the amount authorized by a state mandated fee schedule or by another applicable law or regulation (the "Fee-Schedule Charge"), or (d) the amount authorized by a written PPN or PPO agreement to which the Medical Provider is a party (the "PPO Charge");

(ii)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall publish on the website libertymutual.com that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge;

(iii)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Settlement State policyholders in writing at the time of their initial purchase or renewal of a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

(iv)    for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Medical Providers in Settlement States who contact Liberty to confirm coverage of medical treatment under a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

B.    pay the amounts described in paragraphs 37, 44-47, 55, 57, and 59-61 of the Stipulation, including (i) up to $3,600,000 in payments to Class Members who demonstrate financial loss due to Liberty's use of Ingenix databases to take Ingenix UCR Reductions on bills for Covered Treatment rendered during the Class Period, (ii) up to $1,200,000 in attorneys' fees, costs, and expenses payable to Class Counsel, and (iii) up to $3,000 in incentive fees payable to the Class Representative.

000697

7.      Paragraph 29 of the Stipulation provides that, in exchange for the consideration

described in paragraph 28 of the Stipulation, Plaintiff, on behalf of itself and all members of the

Settlement Class, agree to:

A.      release the Released Parties from all of the Released Claims as described in paragraphs 18-19 and 41-43 of the Stipulation;

B.      stipulate that Liberty's payment of Future Claims in accordance with paragraph 28(A)(i) of the Stipulation does not breach any duty or obligation under any applicable law or contract requiring Liberty to pay or reimburse usual, customary, or reasonable charges for Covered Treatments;

C.      refrain from disparaging or criticizing as unlawful or unfair Liberty's payment of Future Claims in accordance with paragraph 28(A)(i) of the Stipulation;

D.      refrain from discouraging any person from purchasing insurance from Liberty because of its payment of Future Claims in accordance with paragraph 28(A)(i) of the Stipulation; and

E.      refrain from asserting, initiating, filing, commencing, prosecuting, or maintaining in any action or proceeding of any kind, whether before any court, agency, or arbitrator, any challenge of any kind to Liberty's payment of Future Claims in accordance with paragraph 28(A)(i) of the Stipulation.

8.      On October ___, 2014, the Court held a hearing to consider preliminary approval

of the Stipulation and the proposed Class Settlement and granted such preliminary approval.

9.      For purposes of determining whether the terms of the proposed Settlement should

be finally approved as fair, reasonable and adequate, the Court conditionally certified a

Settlement Class consisting of the following Policyholder, Claimant, and Provider Subclasses:

A.      The "Policyholder Subclass" is defined as every person who, at any time during the "Class Period," which means the period from June 25, 2004, through and including the date of the preliminary approval of the Stipulation and the Settlement, October ___, 2014, purchased or was named as an insured in a "Subject Policy," which means a personal auto policy:

(i)      issued by "Liberty," which means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of

4
Exhibit 1

003039

America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and/or American Economy Insurance Company;

(ii)　delivered by Liberty or one of its agents to a policyholder in a "Settlement State," which means Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and/or Wyoming; and

(iii)　providing MedPay and/or PIP coverage;

B.　The "Claimant Subclass" is defined as every person who, at any time during the Class Period,

(i)　received "Covered Treatment," which means any medical treatment, medical service, medication, or prosthesis covered by the MedPay and/or PIP coverage provided by a Subject Policy,

(ii)　submitted (or allowed another to submit on his or her behalf) a "Subject Claim," which means an insurance claim seeking payment under the MedPay and/or PIP coverage provided by a Subject Policy for Covered Treatment rendered during the Class Period, and

(iii)　received from Liberty as payment or reimbursement for at least one Covered Treatment (through payments to himself, to herself, or to others on his or her behalf) an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment.

C.　The "Provider Subclass" is defined as every person who, during the Class Period,

(i)　provided Covered Treatment to a member of the Claimant Subclass for a Covered Injury,

(ii)　sought payment for that Covered Treatment under the MedPay and/or PIP coverage provided by a Subject Policy, and

(iii)　received from Liberty as payment for that Covered Treatment an amount that was less than the charge billed for that treatment because Liberty or

003099

one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment;

provided, however, that the Settlement Class excludes all Class Counsel, all Released Persons, all Neutral Evaluators, and all Illinois judges.

*See* Order Preliminarily Approving Class Settlement (filed October ___, 2014) (the "Order"). In addition, the Court conditionally appointed Lebanon Chiropractic Clinic, P.C., as representative of the Settlement Class and the following attorneys as Class Counsel:

> Robert W. Schmieder II
> Bradley M. Lakin
> SL Chapman LLC
> 330 North Fourth Street, Suite 330
> St. Louis, MO 63102
> Phone: 314-588-9300

*Id.* The Court also approved the form of the parties' proposed Class Notice and the parties' proposed methods for distributing the Class Notice and directed that the Class Notice distributed in accordance with the terms of the Stipulation and the Court's orders. *Id.*

10. On or about _____, 2014, Class Counsel applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. In support of that application, Class Counsel submitted, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding the names of potential Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Proposed Settlement, and evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Proposed Settlement.

11. Pursuant to the Class Notice and the Order, a hearing was held before this Court, on _____, 2014, to consider the motion for final approval and to determine whether the Proposed Settlement should be approved as fair, reasonable, and adequate and

000100

whether the Court should enter this Final Judgment approving the Settlement and dismissing the Action on the merits, with prejudice, and without leave to amend.

12.    During the hearing, the parties provided evidence that the Class Notice was disseminated in accordance with the Court's orders. In addition, the parties provided evidence regarding the adequacy of the notice so given, the negotiation of the proposed Class Settlement, the substantive fairness of its terms, and the identities of Potential Class Members who submitted timely Requests for Exclusion from the Settlement Class.

13.    The Court previously found and now reaffirms that dissemination of the Class Notice in accordance with the terms of the Order constitutes the best notice practicable under the circumstances. The evidence confirming dissemination and content of the Class Notice demonstrates that the parties complied with this Court's orders regarding class notice, that the notice given informed members of the Settlement Class of the pendency and terms of the proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their right to object to the terms of the proposed Settlement, that the notice given was the best notice practical under the circumstances, and that it constituted valid, due and sufficient notice to members of the Settlement Class. The Court further finds and concludes that the notice program described in the Order and completed by the parties complied fully with the requirements of due process, the Illinois Rules of Civil Procedure, and all other applicable laws.

14.    The Court also finds that the Proposed Settlement is the result of good-faith, arms-length negotiations by the parties thereto. In addition, the Court finds that approval of the Stipulation and the Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice.

00ɔ101

15.    The Court finds, for settlement purposes only, that the Settlement Class meets the requirements of 735 ILCS 5/2-801, because: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact – *i.e.,* whether and how Liberty should disclose its bill-review practices – that are common to the Settlement Class and predominate over any questions affecting only individual members of the Settlement Class; (3) Plaintiff Lebanon Chiropractic Clinic, P.C., and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (4) the proposed Class Settlement is an appropriate method for the fair and efficient resolution of this controversy in light of:  (a) the risk that prosecution of separate actions by individual members of the Settlement Class might establish incompatible standards of conduct for Liberty and (b) the propriety of an agreed injunction as a principal form of relief. Further, the Court finds that the Proposed Settlement is fair, reasonable and adequate as to the Settlement Class Members and the Plaintiff, as a result of discovery, due diligence, and the absence of material objections sufficient to deny approval.

16.    In making the findings stated in paragraph 15, above, the Court notes several important differences between the relief that would be provided to members of the Settlement Class under the proposed Class Settlement (and the procedures prescribed by the Stipulation for providing that relief) and the relief sought in similar cases in which class certification has been denied or reversed. For example, the Stipulation includes an agreement by Liberty to make payments to certain members of the Settlement Class without any finding (a) that Liberty breached any duty owed to any member of the Settlement Class or (b) that any member of the Settlement Class suffered any legally cognizable injury as a result of any such breach. Accordingly, the Stipulation eliminates the need to resolve the individualized issues of fact and law that lead the Appellate Court of Illinois to reverse the certification of a litigation class in a

00ɔ102

similar case in Madison County. *See Bemis v. Safeco Ins. Co. of America*, 948 N.E.2d 1054, 407 Ill. App. 3d 1164 (Ill. App. Ct.—5th Dist. 2011), appeal denied, 955 N.E.2d 468, 353 Ill. 1 (Ill. 2011). In addition, the Stipulation provides for prospective relief in the form of an agreed injunction that would (a) allow Liberty to continue to use its computerized bill-review system and (b) require Liberty to make certain disclosures concerning its use of that system. These terms eliminate the potential conflict of interest cited by an Oregon court in finding that a medical provider had failed to establish its adequacy to represent the litigation class proposed in another similar action. *See Froeber v. Liberty Mutual Ins. Co.*, No. 00C15234, slip. op. at 4-7 (Cir. Ct. Marion Cty, Or. Feb. 26, 2004).

17.    The Court finds that the Potential Class Members listed in Exhibit 2 hereto submitted timely Requests for Exclusion.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED THAT:

18.    The Court hereby affirms the definition of the Settlement Class for purposes of this Final Judgment and certifies this Action, for settlement purposes only, as a Class Action.

19.    The persons listed on Exhibit 2 are excluded from the Settlement Class. Plaintiff and all Potential Class Members other than those listed on Exhibit 2 are adjudged to be Settlement Class Members and are bound by this Final Judgment and by the Stipulation of Settlement incorporated herein, including the releases provided for in the Stipulation and in this Final Judgment.

20.    All provisions and terms of the Stipulation and the proposed Class Settlement are hereby finally approved in all respects. The Court specifically finds that the proposed Class Settlement is fair, adequate, and reasonable for the Settlement Class. Liberty and the Settlement

00ں103

Class are ordered to consummate the Class Settlement in accordance with the terms of the Stipulation.

21.     In light of the agreements stated in paragraph 28 of the Stipulation and on the record during the hearing on _____, 2014, it is hereby ordered, adjudged, and decreed that Liberty shall:

A.     implement the following measures concerning Future Claims:

(i)     for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge;

(ii)     for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall publish on the website libertymutual.com that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge;

(iii)     for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Settlement State policyholders in writing at the time of their initial purchase or renewal of a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

(iv)     for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Medical Providers in Settlement States who contact Liberty to confirm coverage of medical treatment under a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

B.     pay the amounts described in paragraphs 37, 44-47, 55, 57, and 59-61 of the Stipulation, including up to $3,600,000 in payments to Class Members and the fees described in paragraph 36, below.

000104

22.     In light of the agreement and stipulation of the Settlement Class in paragraph 29 of the Stipulation, it is hereby ordered, adjudged, and decreed that Liberty's payment of Future Claims in accordance with paragraph 21(A)(i), above, does not breach any duty or obligation under any applicable law or contract requiring Liberty to pay or reimburse usual, customary, or reasonable charges for Covered Treatments.

23.     It is further ordered, adjudged, and decreed that each and every Settlement Class Member is forever barred and permanently enjoined from (a) disparaging or criticizing as unlawful or unfair Liberty's payment of Future Claims in accordance with paragraph 21(A)(i), above; (b) discouraging any person from purchasing insurance from Liberty because of its payment of Future Claims in accordance with paragraph 21(A)(i), above; and/or (c) asserting, initiating, filing, commencing, prosecuting, or maintaining in any action or proceeding of any kind, whether before any court, agency, or arbitrator, any challenge of any kind to Liberty's payment of Future Claims in accordance with paragraph 21(A)(i), above.

24.     And it is further ordered, adjudged, and decreed that each and every member of the Provider Subclass is forever barred and permanently enjoined from (a) disparaging or criticizing as unlawful or unfair Liberty's conduct concerning Future Claims in accordance with paragraph 21(A)(i), above; and/or (b) discouraging any person from purchasing insurance from Liberty because of its conduct concerning Future Claims in accordance with paragraph 21(A)(i).

25.     And it is further ordered, adjudged, and decreed that this Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and that each and every Settlement Class Member is forever barred and permanently enjoined from starting, continuing, litigating, participating in, or receiving any benefits or other relief from any other lawsuit,

00ɔ105

arbitration, or administrative or regulatory proceeding or order based on or relating to the Released Claims.

26.     Upon the entry of this Final Judgment, each Settlement Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, all of the Released Parties from all of the Released Claims.

27.     "Released Claims" means and includes any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiff, the Settlement Class, and/or any Class Member concerning any Subject Claim, whether at law, in equity, or under any statute or regulation, and including without limitation:

A.     any and all claims, demands, actions, causes of action, and/or suits for breach of contract, fraud, misrepresentation, consumer fraud, unfair trade practices, unfair insurance practices, unjust enrichment, and/or bad faith arising from or in any way relating to any Subject Claim,

B.     any and all claims, demands, actions, causes of action, and/or suits for direct damages, indirect damages, actual damages, consequential damages, punitive damages, and/or exemplary damages, declaratory or injunctive relief, prejudgment interest, post-judgment interest, costs, expenses, and/or attorneys' fees, whether statutory or non-statutory, arising from or in any way relating to any Subject Claim, and

C.     any and all Unknown Claims arising from or in any way relating to any Subject Claim;

provided, however, that the Released Claims do not include any claim for enforcement of the Stipulation and/or this Final Judgment. Further, the Released Claims do not include any individual (i.e., non-class) claims—other than the individual claim of Plaintiff Lebanon Chiropractic Clinic, P.C.—that were pending before any court, administrative agency, or arbitration panel on the date of the preliminary approval of the Stipulation and the Settlement, October ___, 2014.

28. "Unknown Claim" means any claim arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true. The Released Claims defined in paragraph 27, above, include all Unknown Claims arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiff, by the Settlement Class, and/or by any Class Member. Upon the entry of this Final Judgment, each Class Member shall be deemed to have expressly waived and released any and all Unknown Claims that he, she, or it has or might have arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiff, by the Settlement Class, and/or by any Class Member. The Court finds and concludes that Plaintiff, on behalf of itself and all members of the Settlement Class, has expressly, knowingly, voluntarily, and validly waived the provisions of any state, federal, municipal, local or territorial law or statute (including, but not limited to, that of the District of Columbia) providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court. Without limiting the foregoing in any way, the Court finds and concludes that Plaintiff, on behalf of itself and all members of the Settlement Class, has expressly, knowingly, voluntarily, and validly waived all rights under Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

29. "Released Persons" means (a) Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance

00ɔ107

Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company, (b) all of the past and present officers, directors, agents, attorneys, employees, vendors, stockholders, divisions, subsidiaries, and parents of any of the insurers listed in subparagraph 29(a), including without limitation Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., and Liberty Mutual Group, Inc., and (c) all of the successors, assigns, and legal representatives of any of the entities listed in subparagraph(s) 29(a) and/or 29(b).

30.    The names, addresses, policy numbers, and other data concerning Potential Class Members compiled by Liberty in effectuating the Proposed Settlement, the electronic data processing and other record keeping procedures and materials to be utilized by Liberty in identifying the Potential Class Members and effectuating Liberty's other obligations under the Stipulation and/or the Proposed Settlement, and all documents produced by Liberty to Class Counsel and/or other attorneys for plaintiff in this Action constitute highly confidential and proprietary business information. The confidentiality of all such information (the "Proprietary Information") shall be protected from disclosure as provided in paragraphs 31-32, below.

31.    Except as expressly permitted by paragraph 32, below, no persons other than Liberty's counsel and clerical personnel employed by Liberty's counsel, Class Counsel and clerical personnel employed by Class Counsel, and such other persons as the Court may order

000108

after hearing on notice to all counsel of record shall be allowed access to any Proprietary Information.

32.     Within 30 days after the Effective Date, Class Counsel shall return to Liberty all Proprietary Information in their possession, custody, or control and any other documents (exclusive of documents filed with the Court) provided by Liberty to Class Counsel or anyone they employed or retained in this Action or any other similar action, and all copies thereof. Within 45 days after the Effective Date, Class Counsel shall deliver a letter to Liberty confirming their compliance with this paragraph.   In the event that any Proprietary Information or documents have already been destroyed, Class Counsel will include in that letter the name and address of the person(s) who destroyed the Proprietary Information and/or documents.

33.     Class Counsel have stipulated, and the Court agrees, that any representation, encouragement, or solicitation of any person seeking exclusion from the Settlement Class or any person seeking to litigate any Released Claim with Liberty might place Class Counsel in an untenable conflict of interest with the class. Accordingly, Class Counsel shall not engage in any such representation, encouragement, or solicitation.

34.     In discovery in this and other matters and in negotiation and review of the Stipulation, Class Counsel have received confidential information regarding Liberty's internal practices and procedures and Liberty's confidential financial information, including financial information compiled solely for purposes of negotiating and implementing the Stipulation and the Settlement.   Accordingly, Class Counsel shall keep such information confidential and shall not use it or, unless ordered by a court after notice to Liberty, allow it to be used in any other litigation.

000109

35.    The Stipulation, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Liberty, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Liberty. The Stipulation and Settlement are not a concession by the parties and, to the extent permitted by law, neither this Final Judgment nor the Stipulation of Settlement or any other documents, exhibits or materials submitted in furtherance of the settlement, shall be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Liberty or any other person.

36.    It is hereby ordered that Class Counsel shall receive attorneys' fees and costs in the total amount of $_____. In addition, Plaintiff shall receive an incentive fee in the total amount of $_____. Liberty shall pay this amount as provided in the Stipulation.

37.    _____, _____, and _____ are appointed as Neutral Evaluators to carry out the duties and responsibilities set forth in paragraphs 39-40 and 54 of the Stipulation, the terms and conditions of which are hereby adopted and incorporated herein by reference. The Neutral Evaluators shall be discharged upon the Court's approval of the Final Report of Distribution. Neither Plaintiff, nor Liberty, nor the parties' counsel shall be liable for any act or omission of any of the Neutral Evaluators.

38.    As soon as reasonably possible after the completion of all payments to Eligible Class Members pursuant to paragraphs 54-55 of the Stipulation, the parties shall file with the Court a Final Report (together with a proposed order approving such report and discharging the Neutral Evaluator) indicating that distribution in accordance with the terms of the Stipulation and the Court's prior Order has been completed.

00ม116

39.     Without in any way affecting the finality of this Final Judgment, this Court shall
retain continuing jurisdiction over this Action for purposes of:

       A.     Enforcing the Stipulation, the Class Settlement, and this Final Judgment;

       B.     Hearing and determining any application by any party to the Stipulation
for a settlement bar order; and

       C.     Any other matters related or ancillary to any of the foregoing.

Dated: _____, 2014.


                        _____
                        CIRCUIT COURT JUDGE