## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                                        )
WELLNESS MEDICAL CENTER LLC,            )
                                        )
                 Plaintiff,             )
                                        )        Civil Action
v.                                      )        No. 23-10960
                                        )
LIBERTY MUTUAL INSURANCE COMPANY,       )
                                        )
                 Defendant.             )
_____ )
```

### MEMORANDUM AND ORDER

November 20, 2023

Saris, D.J.

### INTRODUCTION

This case involves a due process challenge to the preclusive effect of a state court judgment approving a class action settlement. Plaintiff Wellness Medical Center LLC ("Wellness") seeks a declaratory judgment that it is not bound by a 2015 class settlement from Illinois state court. It alleges the Illinois judgment was rendered without providing Wellness adequate representation or the opportunity to object, in violation of its due process rights under the Fourteenth Amendment. Defendant Liberty Mutual Insurance Co. ("Liberty") moves to dismiss. After a hearing, the Court **ALLOWS** Liberty's motion (Dkt. 15).

## BACKGROUND

The Court considers facts from Wellness's complaint and exhibits attached thereto. See In re Lane, 937 F.2d 694, 696 (1st Cir. 1991) (citing Fed. R. Civ. P. 10(c)). Drawing all inferences in favor of Wellness, the Court considers the following facts undisputed.

### I.   Lebanon Settlement

Liberty is a mutual insurance company with its principal place of business in Boston, Massachusetts. On July 25, 2014, Lebanon Chiropractic Clinic P.C. ("Lebanon"), an Illinois-based medical provider, filed a class complaint against Liberty in Illinois state court ("Lebanon court"). Lebanon alleged that Liberty had been underpaying medical expenses by using a "biased computer software" to "re-pric[e]" expenses, in violation of Liberty's insurance policies and state law. Dkt. 1-6 at 2-3. Lebanon sued on behalf of "[a]ll insured persons and licensed medical providers" who had submitted medical claims to Liberty and, after computerized review, received an amount lower than both their claimed expense and their policy limit. Id. at 9-10. As proposed, the class included individuals and providers from thirty-eight states, including Massachusetts.

On October 20, 2014, Lebanon submitted a motion for preliminary approval of a proposed class settlement. The proposed nationwide settlement class consisted of three subclasses: the

"Policyholder Subclass," the "Claimant Subclass," and the "Provider Subclass," the latter to which Wellness belonged. Dkt. 1-7 at 12-13; Dkt. 1 at 8 & n.4. The proposed settlement would extinguish class members' claims related to treatment rendered between June 25, 2004, and October 31, 2014. In exchange, Liberty agreed to reimburse class members for past underpayments caused by computerized review. The settlement would also extinguish class members' "Future Claims" arising from treatments occurring up to five years after all appeals had been exhausted. In exchange, Liberty agreed to a no-fault scheme that would reimburse class members' Future Claims at:

> [T]he lowest of (a) the charge billed by the Medical
> Provider . . . , (b) the eightieth percentile charge for
> that [treatment] in the [provider's] geozip area . . . ,
> (c) the amount authorized by a state mandated fee
> schedule or by another applicable law . . . , or (d) the
> amount authorized by a written PPN or PPO agreement to
> which the [provider] is a party.

Dkt. 1-7 at 15. After a hearing on October 31, 2014, the <u>Lebanon</u> court issued an order preliminarily approving class settlement and directing Liberty to work with the administrator to issue class members notice.

The settlement administrator issued notice of the class action settlement on December 22, 2014. The notice informed class members that if they "[did]n't want a payment from this settlement" and "[did]n't want to be legally bound by it," they had to opt out by January 22, 2015. Dkt. 1-17 at 2. Alternatively, if class

members stayed in the settlement, they could object to it. Wellness received notice and opted out of the class.

The notice sent out on December 22, 2014 stated that the court would conduct a fairness hearing on February 5, 2015, but on February 3, the court rescheduled the fairness hearing for February 17 and allowed an individual named Leon Demond to intervene as a named plaintiff and class representative. On the eve of the fairness hearing, Liberty "filed a motion for expedited discovery regarding allegedly improper and misleading communications apparently sent" by counsel for an objector to potential members of the Provider Subclass in Massachusetts. Dkt. 1-15 at 2. These communications had apparently encouraged Massachusetts providers to opt out of the Lebanon class by misrepresenting the settlement and relevant laws. The Lebanon court heard arguments regarding fairness and these allegedly improper communications at the February 17 fairness hearing.

A week later, on February 23, 2015, the Lebanon court issued an order approving the settlement ("Lebanon settlement") and dismissing the action except as to members of the Provider Subclass in Massachusetts ("Massachusetts Provider Subgroup" or "Subgroup"). In doing so, the court expressly found that the absent class members were provided with legally sufficient notice. The court also concluded that "Lebanon . . . [,] Demond, and Class Counsel will fairly and adequately protect the interests of the

Settlement Class." Dkt. 1-9 at 8. Regarding the Massachusetts Provider Subgroup, the court "retain[ed] plenary jurisdiction . . . including (without limitation) jurisdiction to address the validity of" Subgroup members' opt-out requests. Id. at 18.

Ultimately, on April 1, 2015, the Lebanon court found that the Subgroup members "likely did not make free and unfettered decisions to opt out," and invalidated all Subgroup members' opt-out requests. Dkt. 1-15 at 12. The court also ordered that the administrator send Subgroup members curative notice by May 1, 2015, with an opt-out deadline of June 1, 2015. The curative notice did not extend the deadline to object to the settlement -- January 22, 2015 -- so Subgroup members essentially had the choice of opting out or agreeing to the settlement's terms. Wellness did not opt out of the settlement this time. Wellness does not allege it failed to get the curative notice.

An objector from Washington appealed the trial court's approval of the Lebanon settlement. See Lebanon Chiropractic Clinic, P.C. v. Liberty Mut. Ins. Co., No. 5-15-0111, 2016 WL 546909 (Ill. App. Ct. Feb. 9, 2016). He argued, inter alia, that the trial court had improperly certified the settlement class and that the settlement was unfair to Washington providers. Id. at *10-12. The appellate court held that the trial court "did not abuse its discretion in certifying the settlement class" and in determining that "the settlement was fair, reasonable, and

adequate." Id. at *15. The appellate court also affirmed that absent class members had received sufficient due process protections, including fair and adequate representation. Id. at *13-14.

## II.  Other Litigation

The Lebanon settlement has withstood several due process challenges in state and federal court. In Liberty Mutual Insurance Co. v. People's Best Care Chiropractic & Rehabilitation, Inc., No. 1684CV01239BLS2, 2017 WL 2427562 (Mass. Super. Ct. Apr. 10, 2017), Liberty sued three Massachusetts providers who had "brought more than thirty lawsuits against Liberty in Massachusetts district courts" based on claims allegedly foreclosed by the Lebanon settlement. Id. at *2. Liberty sought a declaratory judgment that the Lebanon settlement received full faith and credit in Massachusetts and bound the defendant providers. Id. at *1. The Massachusetts Superior Court granted summary judgment for Liberty, finding that the Lebanon court had afforded due process to the Massachusetts providers because it gave them "notice of the proceeding, an opportunity to opt out of the class, and an opportunity to be heard and participate in the litigation." Id. at *3 (cleaned up) (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985)). Other Massachusetts courts have held that the Lebanon court afforded Massachusetts providers sufficient due process protections. See Greater Lowell Chiropractic v. Liberty

Mut. Ins. Co., Nos. 1711CV001296 & 1711CV001348 (Lowell Dist. Ct. Aug. 24, 2018); Galeas Chiropractic, P.C. v. Liberty Mut. Ins. Co., No. 1723CV000985 (Springfield Dist. Ct. June 21, 2018) (adopting the reasoning from People's Best Care); Soapy C. Enter. v. Liberty Mut. Ins. Co., No. 1802CV000251 (Bos. Mun. Ct. Roxbury Div. June 21, 2019) (same); Uptown Physical Therapy v. Liberty Mut. Ins. Co., No. 1850CV000411 (Malden Dist. Ct. Mar. 7, 2019). Similarly, courts outside Massachusetts have held that the Lebanon court provided class members with sufficient due process protections. Mich. Head and Spine Inst. v. Liberty Mut. Ins. Co., No. 17-13815, 2018 WL 4701709, at *10 (E.D. Mich. Oct. 1, 2018) (holding that the Lebanon court provided notice, an opportunity to be heard and participate in litigation, an opportunity to opt out, and adequate representation); Chan Healthcare Grp. PS v. Liberty Mut. Fire Ins. Co., 431 P.3d 484, 488-89 (Wash. 2018). Every court reviewing the Lebanon settlement has found that the Lebanon court provided class members with adequate representation, but none have specifically addressed claims that the Lebanon court deprived the Massachusetts Provider Subgroup of its right to object to the settlement.

## **LEGAL STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations in the complaint as true and construes reasonable

inferences in the plaintiff's favor. Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019). Additionally, the Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Wellness argues that the Lebanon settlement "was rendered without providing [Wellness] the Constitutionally required opportunity to be heard," specifically, the right to object. Dkt. 1 at 15, 19. Liberty counters that Wellness "had the same opportunity to object and to be heard that was afforded to every other putative class member." Dkt. 16 at 12. Alternatively, Liberty argues that the Court may engage in only "limited collateral review" at this stage and, accordingly, should give the Lebanon settlement full

faith and credit. Dkt. 16 at 17-20 (quoting Epstein v. MCA, Inc., 179 F.3d 641, 648-49 (9th Cir. 1999)).[1]

A class action judgment normally binds all class members, but "only if it was rendered consistent with the requirements of due process." 6 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 18:36 (6th ed. 2023) (citing Shutts, 472 U.S. at 811-12). In a subsequent suit, a class member can collaterally attack a judgment's binding effect by alleging the judgment deprived her of due process. See Hansberry v. Lee, 311 U.S. 32, 40-45 (1940); Shutts, 472 U.S. at 811-12.

In Phillips Petroleum Co. v. Shutts, the Supreme Court enumerated the "minimal procedural due process protection[s]" a court must provide absent class members to bind them to a class action judgment: "[N]otice," "an opportunity to be heard and participate in the litigation," "an opportunity to remove [themselves] from the class," and "adequate[] represent[ation]" throughout the proceeding. 472 U.S. at 812 (citing Hansberry, 311 U.S. at 42-43). Moreover, the Court held that notice "must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

---

[1] Liberty also argues that Wellness has failed to state a claim because "this case (i) does not 'arise under federal law,' and (ii) fails to present a justiciable case or controversy." Dkt. 16 at 14. In light of the fact that Wellness raises due process claims, the Court holds that these arguments are without merit.

9

the action and afford them an <u>opportunity to present their objections</u>.'" <u>Id.</u> (emphasis added) (quoting <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950)).

An absent class member's right to object during class proceedings is part and parcel of her due process right to be heard and participate in the class litigation. <u>See</u> Rubenstein, <u>supra</u>, § 18:44 (citing <u>Shutts</u>, 472 U.S. at 811-12). "There are few cases that collaterally attack class action judgments" based on the due process right to object, "primarily because Rule 23 -- and most of its state counterparts -- explicitly provides th[is] particular protection[]." <u>Id.</u> (citing Fed. R. Civ. P. 23(e)(5)). But such cases have arisen where, as here, the certifying state lacked a Rule 23 analogue. <u>Cf.</u> <u>Weaver v. AEGON USA, LLC</u>, No. 14-03436, 2015 WL 5691836, at *27-28 (D.S.C. Sept. 28, 2015) (assuming the existence of a due process right to object but rejecting class member's argument as factually inaccurate), <u>modified</u>, 2016 WL 1570158 (D.S.C. Apr. 19, 2016). <u>See generally</u> 735 Ill. Comp. Stat. §§ 5/2-801 <u>et seq.</u> (delineating Illinois' class action procedures which lack a Rule 23 equivalent).

Here, Wellness argues that the <u>Lebanon</u> court deprived it of its due process right to object to the class settlement. According to Wellness, the <u>Lebanon</u> court's initial December 22, 2014 notice essentially allowed class members to either opt out or object, but not to do both. Wellness opted out, and thus it "could not object."

10

Dkt. 1 at 15. Then, on April 1, 2015, the <u>Lebanon</u> court invalidated Massachusetts Provider Subgroup members' opt-outs and issued a curative notice, this time effectively providing Wellness the right to opt out but not an additional opportunity to object. Liberty responds that like all other class members, Wellness "could have elected to file an objection to the proposed settlement" after the initial notice, but "on its own volition, chose not to do so, and instead attempted to opt out of the settlement." Dkt. 16 at 12. Liberty argues that Wellness could have raised its due process challenge on appeal, which it did not do.

Wellness has not plausibly alleged that the <u>Lebanon</u> court deprived it of its right to object. The <u>Lebanon</u> court's initial notice of the class settlement provided Wellness the option to either object to class settlement or to opt out. Wellness chose to opt out but argues that "any choice taken by Massachusetts Providers who had opted out the first time was a choice made without any right to object." Dkt. 1 at 15. But the Due Process Clause does not require courts to allow opt-outs the opportunity to object to a settlement. Wellness also argues that after the <u>Lebanon</u> court voided its initial opt-out, the court did not provide Wellness with another opportunity to object. But Wellness does not cite caselaw -- and the Court is aware of none -- holding that curative notice must give class members a second chance to object. While a second chance to object may be better practice in some

circumstances, in cases in which the certifying court invalidated opt-outs and issued curative notice to remedy improper <u>ex parte</u> communications to class members, courts (without discussion) extended only the deadlines for <u>opting out</u>, not the deadlines to object. <u>See, e.g.</u>, <u>Georgine v. Amchem Prods., Inc.</u>, 160 F.R.D. 478, 498, 502 (E.D. Pa. 1995) (issuing curative notice after completion of the fairness hearing and extending the opportunity to opt out, but not to object). With no authority to support its critiques of the <u>Lebanon</u> court's curative notice regime, Wellness fails to plausibly plead a violation of its right to object.

Wellness also argues in passing that the <u>Lebanon</u> court deprived it of its right to adequate representation by allowing the same attorney to represent the lead plaintiff, the settlement class, and possibly the three subclasses. It is true that "the Due Process Clause . . . requires that the named plaintiff at all times adequately represent the interests of the absent class members," <u>see</u> <u>Cohen v. Brown Univ.</u>, 16 F.4th 935, 945 (1st Cir. 2021) (quoting <u>Shutts</u>, 472 U.S. at 812), and that class counsel do the same, <u>see</u> <u>Culver v. City of Milwaukee</u>, 277 F.3d 908, 913 (7th Cir. 2002) ("For purposes of determining whether the class representative is an adequate representative of the members of the class, the performance of the class lawyer is inseparable from that of the class representative."). But Wellness has not adequately pleaded how sharing counsel produced a conflict of

interest. <u>See</u> <u>Cohen</u>, 16 F.4th at 945 (citing <u>Amchem Prods, Inc. v.</u> <u>Windsor</u>, 521 U.S. 591, 625 (1997)). And in any event, the <u>Lebanon</u> court expressly found after hearing objections and conducting a fairness hearing -- and the appellate court affirmed -- that class representatives and class counsel would "fairly and adequately protect the interests of the Settlement Class." Dkt. 1-9 at 8; <u>Lebanon Chiropractic Clinic, P.C.</u>, 2016 WL 546909, at *13 (involving a similar challenge by Washington providers). Wellness cannot relitigate this finding on collateral attack; if it was "dissatisfied with the [Illinois] judgment, [its] recourse was to the United States Supreme Court by means of certiorari, not to the lower federal courts in the vain pursuit of back-door relief." <u>See</u> <u>Nottingham Partners v. Trans-Lux Corp.</u>, 925 F.2d 29, 32-33 (1st Cir. 1991).

In sum, Wellness has not plausibly alleged that the <u>Lebanon</u> court deprived it of its due process rights to object or to receive adequate representation during class proceedings. Thus, Wellness has failed to state a claim.

<div align="center"><b><u>ORDER</u></b></div>

For the reasons stated above, Liberty's Motion to Dismiss (Dkt. 15) is <b><u>ALLOWED</u></b>.

SO ORDERED.

<div style="margin-left:40%">/s/ PATTI B. SARIS</div>
<div style="margin-left:40%">Patti B. Saris</div>
<div style="margin-left:40%">United States District Judge</div>